## THE HEIRS OF GRIFFIN *v.* GRIFFIN'S EX'R.

1. A petition under the act of 1822, by an executor or administrator, for an order to sell the real estate of his testator, or intestate, should particularly state which of the heirs are of age, and which are infants, or *femes covert.*

2. The Orphans' Court being authorised to direct the real estate of a testator or, intestate to be sold " either for money, or on credit," it may order that it be sold for cash as to a part of the purchase, and on a credit as to the residue.

THIS was a proceeding in the Orphans' Court of Chambers, at the suit of an executor against the heirs of his testator, for the purpose of obtaining an order for the sale of the lands of the decedent. The petition after describing the land and alleging the insufficiency of the personal estate, to pay the debts of the testator, proceeds as follows: " He (petitioner) further represents that the heirs of the said testator are Rachel Waldroup, wife of Benjamin Waldroup, of Tallapoosa county, Alabama, Elizabeth Pemberton, wife of Joshua Pemberton, deceased, of Chambers county, Alabama, Polly Johnson, wife of Jesse Johnson, of the State of Tennessee, Peggy Ivy, wife of Charles Ivy, of Tennessee, and the heirs of Andy Griffin, deceased, son of said testator—names being Sarah Ann, Eliza, Raymoth and William Griffin—the residence of whom is unknown to your petitioner. Your petitioner, therefore, prays that your Honor will take such measures in the premises as to order a decree of the sale of said land, &c.

The Orphans' Court allowed the petition to be filed, and ordered " that Edward Croft be appointed guardian *ad litem* of the minor heirs of said testator, and that Elizabeth Pemberton and Rachael Waldroup be cited to appear here on the 2d Monday of October next, to answer said petition, and that publication be made," &c. " notifying the aforesaid non-resident heirs, and all other persons interested, to appear here on the

second Monday in October next, to answer said petition," &c.

An·entry· in the record recites, that Elizabeth Pemberton and the adult heirs·of the testator, appeared by their attorneys, and that the infant heirs appeared by their guardian *ad litem,* and demurred to the petition, but their demurrer was overruled.

It further appears, that an affidavit was made, that one of the heirs, for whom no appearance was entered, had, previous to the filing of the petition, intermarried with James H. Gaylor.

The record no where discloses which of the heirs of the testator were·infants, and for whom the guardian *ad litem* defended. The allegation in the petition being proved to the satis-·faction of the Court, an order was made directing that the· lands be sold, "one half for cash, and the remaining half on twelve months credit."

To revise the decree of the Orphans' Court, the heirs have prosecuted a writ of error to this Court.

T. CLAY, for the plaintiff in error.
HEYDENFELDT, for the defendant.

COLLIER, C. J.—The act of 1822, under which this ·proceeding was instituted, enacts that it shall be lawful for an administrator of an intestate, or the executor of a testator who has no power by the will to sell real estate for the ·purpose of paying debts, &c. "to file a petition in the County Court of the county in ·which letters of administration, or letters testamentary have been granted, setting forth that the personal estate of his intestate or testator (as the case may be) is not sufficient for the payment of the just debts of such intestate or testator," &c. without a sale of the real estate, setting out and particularly describing in such petition the estate proposed to be sold, and the names of the heirs or devisees of such intestate or testator, and particularly stating which are of age, and which are in-fants, or *femes covert.* Aik. Dig. 180–1. This statute is ex-plicit in declaring what must be stated in the petition, and if its terms are to be regarded as imperative, there can be no question, but the petition in the present case is strikingly defective. It does not pretend to state which of the heirs are infants, nor what is the condition of all the female heirs. But in the ab-sence of any allegation as to the infancy of any of the heirs, the

Court assumes the fact that some of them are infants, without particularizing any, and appoints a guardian *ad litem*, for all who are in that predicament; and the guardian answers the petition for the infant heirs, without disclosing who they are.

The jurisdiction of the Orphans' Court in a case like the present, is founded upon a statute, and in order to the regularity of its proceedings, the requirements of the statute must be adhered to. Such was the opinion of this Court in Wiley, *et al.* v. White & Lesley, adm'rs, 2 Stewart's Rep. 331, a case, although to a great extent overruled, thus far has never been questioned. Under the principle stated, we think the petition is substantially defective, and that the Orphans' Court should have sustained the objection made to it, by the heirs who appeared. Whitaker v. Patton, *et al.* 1 Porter's Rep. 9.

The Orphan's Court being authorised to direct the real estate of an intestate or testator, to be sold, "either for money or on credit," (Aik. Dig. 181) it is clearly competent to decree that it be sold for cash, as to a part of the purchase money, and on a credit as to the residue.

Other questions are raised by the assignment of errors, but their consideration is not deemed necessary, either to a decision of this case, or to enable the parties to adjust the matters in controversy.

Our conclusion is, that the decree of the Orphans' Court must be reversed, and the cause remanded, that the defendant in error may obtain leave to amend his petition, if he think proper, and take such further steps as are consistent with law.