## ALEXANDER, ET AL. ADM'RS. v. KNOX & CO.

1. A witness cannot excuse himself, or be excused from giving evidence, although his answer may expose him to a civil action.

Writ of error to the Circuit Court of Lowndes.

ASSUMPSIT by Knox & Co. against William Alexander and others, as administrators of Edmund Alexander, on a note made by their intestate with D. Durden and Thomas Durden.   The defendants pleaded that the note sued on, was not executed by their intestate ; and at the trial, on this issue, the plaintiffs

offered Thomas Durden, one of the makers of the note, as a witness to prove the signature of the intestate; or that the note was signed by his authority, and according to his instructions.

This witness, on his *voir dire* stated that he had been discharged as a certified bankrupt since making the note; that the note was made for his benefit, to aid him in the purchase of goods, and that it had been taken in payment for such goods furnished to him. On this the defendants objected to witness, as incompetent to testify, on the ground of interest; and the witness himself refused to give evidence in favor of the plaintiffs unless compelled by the Court to do so.

The Court ruled that the witness was competent and must answer.

The witness then testified, that he met with the intestate and his wife in a store, in Montgomery; that he applied to the intestate to sign the note as his surety, and then was told by him that he could not sign it himself, but his wife would sign it for him; that witness went to Mrs. Alexander, in the store, and said to her that Mr. Alexander had requested the witness to come to her to get her to sign his name to the note; but the witness did not know that Mr. Alexander heard the conversation with his wife, or that he saw the note signed by her. They were all, however, together in the store, and Mrs. Alexander, on this application, signed the note, with the name of the intestate.

To all which the defendants excepted; and it is now assigned as error—

1. That the Court erred in deciding that the witness was competent.

2. In compelling him to testify against his own interest.

Thos. Williams, I. W. Hayne, and J. P. Saffold, for plaintiffs in error, insisted, that Durden is liable to Alexander's administrators, if they are compelled to pay this debt, notwithstanding his certificate, 1 Phil. Ev. 61; Maundrill v Kennett, 1 Camp. 408, note; and, therefore, ought not to have been compelled to testify to revive a liability, from which, as the case stands he was discharged.

Elmore and Fair, contra, argued—

1. That interest does not disqualify, when a witness is called

against his interest. [Greenl. Ev. 455, § 410; Williams, et al. v. Jones, 2 Ala. Rep. 314.]

2. A witness is bound to answer, although his answer may subject him to a civil action, or pecuniary loss, where his interest is adverse to the party calling him. [Greenl. Ev. 503, § 452; 1 Phil. Ev. 277; Cowen & Hill's notes, 739.]

3. The witness, however, in this case, was liable to no one, nor could his liability, once gone, be revived afterwards in favor of the intestate's administrators, by their payment of the debt. Our bankrupt act, in this respect, is not governed by the English decisions.

GOLDTHWAITE, J.—We shall not, at present, enter on the question, how far the witness, Durden, may be liable to the administrators of Alexander, if they should be compelled to pay the amount of the note executed under the supposed authority from the intestate, because that would require a construction of the late bankrupt law; and for the reason that we consider him a competent witness for the plaintiff, even if the effect of his evidence is to revive a debt against himself, which we shall concede, for the purpose of this opinion, to be now barred.

It is a matter of singularity, that the question, whether a witness objecting to answer, could excuse himself on the ground, that, by answering, he would subject himself to a civil action, or pecuniary loss, was never solemnly decided in England until the precise question was put to the judges, upon the impeachment of Lord Melville, in 1806. Four of the judges then gave opinions, that a witness, under such circumstances, might excuse himself, and ought not to be compelled to answer; the other eight judges held the contrary opinion. Lord Eldon and Lord Ellenborough among the latter, seem to consider the question even as somewhat offensive; for the former observes, in no measured strain, "that, although his experience was equal, not only to any individual judge on the bench, but to all the judges, with their collective practice, yet he never knew a single objection to have been taken to an interrogatory proposed, because the reply to it would render the witness responsible to a civil suit." Lord Ellenborough, too, insisted, that during the entire course of a life devoted to the practice of the law, and to the duties of the bench, he did not remember a single in-

stance where the objection had been taken. Mr. Justice Chambre, puts the matter thus : The public must not call on a witness to give evidence, or do justice, between A and B, because such evidence might prevent the witness from acting unjustly by C or D, to whom the witness might wish to act unjustly, or from whom he should wish to withhold a just debt. [See opinions of the Judges, 1 Hall's Am. Law Jour. 225.] Owing to the difference of opinion between the judges, a declaratory act of parliament was passed. In this country the rule has been settled in most of the States, in conformity with the opinions of the majority of the English judges. [See cases collected in Cowen & Hill's Notes, 739.]

As a rule of the common law, it has never, we think, admitted of serious question, that a witness is bound to answer any pertinent and material interrogatory, although his answer may have the effect to render him liable to a civil suit. That there may be exceptions to this, as a general rule, is quite possible, but the case on the record, certainly is not entitled to be so considered.

It is not the testimony of the witness which gives the right of action, if such a right is conceded under the bankrupt law, but the payment made, as his surety, and this right of action would be precisely the same, if the witness was entirely silent, for the same matter might be shown by other evidence.

We are very clear there is no error in this particular, whatever there may have been in the finding upon the evidence.

Judgment affirmed.