## CLOUD AND WIFE v. BARTON, ADM'R.

1. A petition by an administrator for the sale of land of his intestate, which states, that "A R C, the wife of N B C, is the sole child and heir at law of W B, deceased, and that she resides," &c. is insufficient to authorize the orphans' court to decree a sale of the land, as it does not specify the ages of the heir at law, and her husband; and the insertion in the decree of the court, that the parties are of full age, will not cure the defect.
2. The failure of the parties to appear in obedience to the citation, will not cure the defect.

Error to the Orphans' Court of Mobile.

THE defendant in error, administrator *de bonis non* of Willoughby Barton, petitioned the orphans' court of Mobile county, for leave to sell the land of the deceased, upon the allegation that the personal estate had all been administered, that the estate had been declared insolvent, and there were debts still unpaid. The lands prayed to be sold are described. The petition alledges that "Anne R. Cloud, the wife of N. B. Cloud, is the sole child and heir at law of the said Willoughby Barton, deceased, and that she resides near Tuske-

gee, in the State of Alabama, with her husband." Citation was issued and served, but the parties did not appear.

The court decreed a sale of the lands, the decree reciting that it appeared the parties were of full age. This is now assigned as error.

HEYDENFELDT, for plaintiffs, among other objections, insisted, that the petition was defective, in omitting to state which of the heirs were of age, and which infants. Clay's Dig. 224, § 16.

G. N. STEWART, contra, as to this objection contended, that it was matter of form, and not substance, and was not reached by the assignment of error. That the failure of the parties to appear in obedience to the citation, was a waiver of the omission to state the fact, with more particularity.

COLLIER, C. J.—It is enacted by an act passed in 1822, that a petition by an executor or administrator for the sale of the real estate of his testator or intestate, shall set out and particularly describe " the estate proposed to be sold, and the names of the heirs or devisees of such intestate or testator, and particularly stating which are of age, and which are infants, or *femes covert.*" Clay's Dig. 224, § 16. In Griffin's heirs v. Griffin's ex'rs, 3 Ala. Rep. 623, we said that the jurisdiction of the orphans' court in a case like the present, is founded upon a statute, and it is essential to the regularity of its proceedings, that the requirements of the statute should be adhered to; and it was therefore held, that a petition which did not state the ages of the several heirs, and whether the females were *femes covert*, was bad on demurrer. So it has been decided, that as this proceeding is founded on a statute, the orphans' court cannot obtain jurisdiction to order a sale of the lands, unless its provisions are strictly complied with: consequently, the petition of an administrator, which did not conform to the statute, was adjudged insufficient on error to sustain a decree for the sale of the real estate of his intestate. See also Wyman et al. v. Campbell et al. 6 Port. Rep. 219, 247.

The petition in the case before us states, "that Ann R.

Cloud, the wife of N. B. Cloud, is the sole child and heir at law of the said Willoughby Barton, deceased, and that she resides near Tuskegee, in the State of Alabama, with her husband;" but it is entirely silent as to the age of herself or husband. It cannot be assumed from their marriage, that they are twenty-one years of age, and the omission of the petition to comply with the statute in making an explicit statement in this respect, according to the authorities cited, is a fatal defect. The affirmation in the decree cannot aid the petition, even conceding that the ages of the plaintiffs in error are there explicitly averred. If the proceeding were in chancery, the bill must contain the allegations essential to show the complainant's title to relief, and cannot be assisted by a recital in the decree—the same rule must apply in the present case.

It is insisted that the assignment of error, merely draws in question the propriety of the decree, and that therefore it is not allowable to look behind it for defects in the petition. In considering whether the orphans' court should have adjudged a sale of the lands, we are necessarily referred to the petition, to ascertain whether it states the facts made essential by the statute, and if an indispensable allegation is omitted, the decree cannot be sustained.

True, the failure of parties of full age, to appear in obedience to a citation, and resist a decree against the lands, would foreclose them as to some matters of defence in an appellate court; but the objection we have noticed meets the administrator *in limine*, and is an answer, as we have seen, to the further action of the primary court. It is an incurable defect, to which none of our statutes of amendment apply.

This view is decisive of the case, and we decline the consideration of other points attempted to be raised, with the remark, that attention to the statutes, and our decisions in respect to applications by executors and administrators, will enable the orphans' court to avoid error in the form and mode of proceeding at least. We have but to add, the decreee is reversed.

DARGAN, J., not sitting.