PAGE AND WIFE *vs.* MATTHEWS' ADM'R.

[SALE OF DECEDENT'S LANDS, BY PROBATE COURT, FOR DIVISION.]

1. *Sufficiency of petition, in describing heirs.*—A petition for the sale of a decedent's real estate, for the purpose of making an equitable division among his heirs-at-law, (Code, § 1868,) which states the names of all the heirs, describing four of them as minors, and two of them as married women, but not averring whether the latter and their husbands are of full age or not, is fatally defective on error. (WALKER, C. J., expressing no opinion.)
2. *Notice to heirs.*—If any of the heirs, in such proceeding, are married women, the statute imperatively requires that the citation must be served on their husbands, (Code, § 1870,) as well as on them.

APPEAL from the Probate Court of Russell.

IN the matter of the estate of Matthew Matthews, deceased, on the application of Milton J. Moore, the administrator, for an order to sell the real estate of which said decedent died seized and possessed. The petition was filed on the 21st September, 1864; alleged that the lands could not " be equitably and fairly divided among the distributees of said estate, after the widow's dower is allotted to her, without a sale of the same ;" and described the heirs-at-law as follows : " The distributees of said estate are named—1st, Rutha Matthews, the widow; 2d, Revella V. Moore, the wife of Milton J. Moore; 3d, Rutha F. Page, the wife of John R. Page, jr.: 4th, Mary E. Matthews, a minor; 5th, Pocahontas Matthews, a minor; 6th, Martha J. Matthews, a minor; 7th, Emma L. Matthews, a minor." On the filing of the petition, the court appointed a guardian *ad litem* to represent the interests of the infants, directed citation " to be issued to him and the heirs resident," and set the second Monday in November following for the hearing. A citation was issued on the same day, which commanded the sheriff to notify ." Rutha Matthews, R. V. Moore, wife of M. J. Moore, and R. F. Page, wife of John

R. Page;" and which was returned by the sheriff, "exe-
cuted, October 27, 1864." On the hearing, (November 14,
1864,) the court granted an order of sale, which recites that
citation had been served, "and publication made, as pre-
scribed at a former term of the court;" but does not show
that any of the parties appeared. The sale was made by
the administrator on the 2d January, 1865, and was re-
ported to the court, under oath, on the 9th January; the
widow, the administrator, and said John R. Page, being the
principal purchasers. The court confirmed the sale of a
portion of the land, but set aside the sale of the residue,
on account of the inadequacy of the price, and ordered a
re-sale of that part. The re-sale was made on the 30th
January, 1865, was duly reported to the court, and con-
firmed on the 3d February, 1865. The appeal was sued
out by John R. and Rutha F. Page, on the 25th June, 1866,
"from the final decree rendered at the November term,
1864, ordering a sale of said lands;" and that decree is
now assigned as error.

GEORGE D. & G. W. HOOPER, and GOLDTHWAITE, RICE &
SEMPLE, for the appellants.

STONE, CLOPTON & CLANTON, contra.

JUDGE, J.—In *Cloud and Wife v. Barton*, (14 Ala. 347,)
it was held, that a petition by an administrator, for the sale
of land of his intestate, which stated that Anne R. Cloud,
the wife of N. B. Cloud, was the sold child and heir-at-law
of W. B., deceased, and that she resided near Tuskegee,
in the State of Alabama, with her husband, was insufficient
to authorize the orphans' court to decree a sale of the land,
*as it did not specify the ages of the heir-at-law and her husband.*
This adjudication was made under the influence of the
statute of 1822, which, with a single exception not neces-
sary to be here named, was in substance the same as sec-
tion 1868 of the Code, under which the present application
was made; each statute requiring it to be stated in such
an application which, if any, of the heirs or devisees are
under the age of twenty-one years.

It is stated in the application before us, that Revella V.

Page and Wife v. Matthews' Adm'r.

Moore, and Rutha F. Page, the wives respectively of Milton J. Moore and John R. Page, are "distributees of the estate;" but the ages severally of the husbands and wives are not stated. It is also averred that four of the "distributees," who are described by name, are minors. This averment of the minority of four of the parties, is not a statement, by legal implication even, that the two married women and their husbands, whose ages are not given, are adults; and it has been the established doctrine of this court, for nearly thirty years, (and we are not aware that it has ever been departed from, in a direct proceeding on error or appeal,) that, as the statute under which such a proceeding is had, is explicit in declaring what must be stated in the application, its terms are to be regarded as imperative.—*Griffin v. Griffin*, 3 Ala. 623. See, also, *Hoard v. Hoard's Adm'r*, at the present term.

2. Another defect in the proceedings below is as follows: Section 1870 of the Code requires, that, "if any of the heirs or devisees are married women, the citation must be served on the husband, as well as the wife." This provision of the Code was not complied with; and nothing appears in the proceedings to cure the omission, in so far as the husband Page is concerned.

For the errors pointed out, the decree of sale must be reversed, and the cause remanded.

Chief-Justice WALKER agrees, that there must be a reversal in this case, on account of the want of notice to the husbands of the married women. Upon the other point, a decision is not, in his judgment, necessary, and he remains uncommitted as to it. He has no doubt that it must be shown whether the distributees are infants; but he is inclined to think that the petition, construed as such instruments ought to be, when not objected to in the court below, shows which are infants, and which are adults.