## Robertson *v.* Bradford.

*Statutory Real Action in nature of Ejectment.*

1. *Sale of decedent's lands, for payment of debts; jurisdiction of court, and irregularities in proceedings.*—The jurisdiction of the Probate Court to order a sale of an intestate's lands, for the payment of debts, is statutory, special and limited, and only attaches when a petition is filed containing the necessary allegations; but, when the jurisdiction has attached by the filing of a proper petition, any subsequent errors or irregularities in the proceedings, however numerous or glaring, are unavailing on a collateral attack, *except* that, when minors or persons of unsound mind are interested, the sale is declared void by the statute (Code, § 2458), unless proof is taken by deposition, as in chancery cases, showing a necessity for the sale.

2. *Same; sufficiency of petition.*—Under the former statute of force in 1863, which authorized a sale of the lands, on the petition of the administrator, when it was "more beneficial for *the estate* to sell lands than *slaves*" (Code of 1852, § 1755), a petition alleging that it "would be more to the interest of *all the parties* to sell the lands than the *personal estate*," not being substantially the same in meaning as the words of the statute, is not sufficient to authorize an order of sale, and an order and sale founded on it are void.

3. *Same; statutory provisions for protection of purchasers at such sales.*—Under the late act "for the protection of purchasers of lands sold by executors and administrators," approved March 1st, 1881, it is provided that in actions brought by heirs or devisees for the recovery of lands sold by an executor or administrator, under a probate decree, for the payment of debts or for distribution, "founded on defects in the records, caused by the destruction of such records by accident or design, or by the incompetency or negligence of the probate judge, or his failure to make the proper records," the defendant may adduce other evidence, either parol or documentary, of the facts which the record ought to show to sustain the order of sale (Sess. Acts 1880–81, pp. 119–20, § 3); but this statute affords no protection to a purchaser or sub-purchaser claiming under a sale made by an executor or administrator, under a probate decree, which is void for want of jurisdiction on account of substantial defects in the petition on which it was founded.

25

[Robertson v. Bradford.]

APPEAL from the Circuit Court of Macon.

Tried before the Hon. J. A. BILBRO, an attorney of the court, selected by the parties on account of the disqualification of the presiding judge, who was related to one of the parties.

BREWER & BREWER, for the appellant.

W. F. FOSTER, *contra*.

SOMERVILLE, J.—This is a statutory action of ejectment, brought by the appellant against the appellee, for the recovery of certain real estate in the town of Tuskegee. The plaintiff claimed title as the sole heir at law of E. A. Ligon, deceased, who died in the year 1863, seized and possessed of the property in suit. The defendant based his defense on a title claimed under a sale of the same property, which was alleged to have been made by R. F. Ligon, as the administrator of the estate of said decedent.

The main question presented is, whether the Probate Court had jurisdiction to order the sale, on the application made by the administrator. It is contended, in behalf of the appellant, that the allegations of the petition, which was filed in August, 1863, were insufficient to confer jurisdiction upon the Probate Court, and that, for this reason, the order of sale made by it was void and of no legal validity.

The application was filed under the provisions of section 1755 of the Code of 1852, which authorized the Probate Court to sell the lands belonging to an estate, for the payment of debts, in cases of intestacy, on application being made in writing by the administrator, in two cases only: 1st, when the personal property was insufficient to pay such debts; and, 2d, when it was " more beneficial for the estate to sell lands than *slaves*."

The averments of the petition are, that it " is necessary to sell property to pay the debts of the estate," and that " it would be more to the *interest of all the parties* to sell the house and lots *than the personal estate*."

The court below charged the jury, that the averments of the petition were sufficient to uphold the jurisdiction of the Probate Court in granting the order of sale in question; and exception was duly taken to this charge by the plaintiff. Objection was also taken by the plaintiff to the admission in evidence by the court of the petition and other proceedings based on it in the Probate Court, on the ground that they were void.

It has been too long settled in this State to require any further discussion of the subject, that the jurisdiction of the Probate Court to order a sale of lands, in cases like the present one, is statutory, special, and limited. It is equally well settled,

that, to confer jurisdiction in such cases, the petition invoking it must contain the requisite jurisdictional allegations. In the absence of a substantial compliance with statutory provisions regulating and defining the grounds of jurisdiction, the proceedings are *coram non judice*, and are void.— *Wilburn v. Mc-Calley*, 63 Ala. 436, and authorities collated on page 445; *Cloud v. Barton*, 14 Ala. 347; *Pettus v. McClanahan*, 52 Ala. 55. If this jurisdiction once attaches, such proceedings being *in rem*, no mere *subsequent* irregularities, however numerous or glaring, and however available to authorize a reversal by direct appeal on error, will generally avail anything when the jurisdiction of the court is assailed by collateral attack. *Satcher v. Satcher*, 41 Ala. 39. The only established exceptions to this rule is, that when the proceeding is for the sale of lands descended to minors, or persons of unsound mind, the sale is made void by the statute, unless proof be taken by deposition as in chancery cases, showing the necessity of such sale. Code, 1876, § 2458; *Pettus v. McClanahan*, 52 Ala. 55.

It may be a sound and correct principle, that, in determining whether the record does disclose the jurisdictional facts, the language of the petition should be construed most favorably for the maintenance of the decree; for public policy favors the upholding of such sales, and of the titles acquired under them. *Bibb v. Orphans' Home*, 61 Ala. 326, 330. But, at the same time, the principle is now too thoroughly imbedded in our system of jurisprudence to be disturbed at this late day, that there is a manifest distinction, touching presumption of jurisdiction, between courts of *general*, and those of *limited* jurisdiction. Where a court is of the first class, possessing general jurisdiction, nothing is intended to be without such jurisdiction, except that which appears to be so from the record. And, on the contrary, nothing is presumed to be within the jurisdiction of a court of limited jurisdiction, except that which is so expressly alleged, and affirmatively appears from the record.—*Pettus v. McClanahan*, 52 Ala. 55; *Commissioners v. Thompson*, 18 Ala. 694; Freeman on Judgments, §§ 117, 123, 264.

An application of these principles, we think, must prove fatal to the sufficiency of the petition under consideration in this case. The allegation of the petition is, that "it would be more to the interest of *all the parties* to sell the house and lots than [to sell] *the personal estate*." The required averment, as exacted by the statute, is, that it would "be more beneficial to *the estate* to sell the lands than [to sell] *slaves*." The two phrases are not substantially the same in meaning. Their signification is essentially different. While it may be seriously questioned whether "*all the parties*," within the descriptive language of the petition, and "*the estate*," within the intend-

[Robertson v. Bradford.]

ment of the statute, can be construed to be legally synonymous, it is too clear for argumentation that *"personal estate"* and *"slaves"* are fatally variant. The fact that the former may include the latter, is entirely immaterial. There were forcible reasons why property in slaves, during the prevalence of the institution of slavery, should be favored by public legislation, especially in exempting it from exposure to sale by auction or otherwise. Potent among these would rank those obvious considerations of mere humanity, which had regard for the preservation of family ties among slaves, whether of husband and wife, brother and sister, or parent and child. The dignity of freehold tenure, attached from the earliest ages of the feudal system to the ownership of real estate, might, therefore, well be made to be subordinate to the exercise of this humanity, when similar reasons would not apply in the case of ordinary personal property. The policy of the statute was to require all personal property, except *slaves*, to be sold for the payment of the debts of an intestate decedent. The issue presented under the allegations of the petition, and that designed to be presented by the statute, were, in our opinion, materially different. The court, therefore, had no jurisdiction to make the sale, and the order of sale was void.—*Griffin v. Griffin*, 3 Ala. 623; *Bishop v. Hampton*, 15 Ala. 761; *Cloud v. Barton*, 14 Ala. 347; *Hoard v. Hoard*, 41 Ala. 590; *Noles v. Noles*, 40 Ala. 576; Freeman on Judg. § 123; *Pulaski Co. v. Stuart*, 28 Gratt. (Va.) 879.

The appellee can derive no aid from the recent act of the General Assembly, approved March 1, 1881, entitled "An act for the protection of purchasers of lands sold by executors and administrators."—Acts 1880–81, pp. 119–120. This act has no application to cases like this. It is confined, in its express terms, to suits by heirs or devisees, which are "founded on defects in the records [of Probate Courts] caused by the *destruction* of such records," or by "*incompetency*, or *negligence* of the probate judge, or his failure to make the proper records." *Ib.* § 3, p. 120.

And if the present case could be construed to come within the influence of the act, as contended for by appellee's counsel, it would clearly be invalid so far as it might attempt to give power or vitality to a void judgment. It is well settled, on the soundest conceivable principles, that no power resides in any legislative body to clothe a decree or judgment, which is absolutely void, with the habiliments of legal validity.—Freeman on Judgments, § 117, *note* 4, and authorities cited; *Pryor v. Downey*, 19 American Reports, 242; Freeman on Void Jud. Sales, § 56.

The judgment of the Probate Court decreeing the sale of

the lands in question being void, no rights were divested or ob-
tained by the sale, at least in a court of law, and the legal title
of the property sued for was in the plaintiff, and not in the de-
fendant.—Freeman on Judg. § 117; *Wharton v. Moragne*, 62
Ala. 201, 207.

The Circuit Court clearly erred in its charge and rulings, and
its judgment is accordingly reversed, and the cause is remanded.