# Horton *v.* Elliott.

*Trespass for taking Personal Property under Legal Process.*

1 *Jurisdiction of justice of the peace in precinct adjoining his own.*—A justice of the peace has no jurisdiction to hear and determine a cause in an adjoining precinct, because one of the justices in that precinct is incompetent to try the case, unless it is also shown that there is no other justice, or that the other is also incompetent.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. LEROY F. BOX.

This action was brought by Hardy J. Horton, against J. P. Adams and Frank Nelson, Jr., to recover damages for the alleged unlawful seizure of two cows, the property of the plaintiff, and was commenced in a justice's court on the 14th February, 1887. Service was acknowledged by Adams, and the summons was returned executed by him, as constable, on Nelson. The justice rendered judgment for the plaintiff, but, on appeal to a jury, a judgment on verdict was rendered for

[Horton v. Elliott.]

defendants. The plaintiff then removed the case, by appeal, into the Circuit Court; and in that court, the name of A. M. Elliott being added as a defendant, by amendment, he came in and defended the suit. On the trial in the Circuit Court, as the bill of exceptions shows, the plaintiff proved his possession and ownership of the cows on the 19th December, 1886, and their seizure on that day by said J. P. Adams, as special constable, under a writ of seizure issued by said A. M. Elliott, as notary public and *ex officio* justice of the peace, under a judgment in favor of said Frank Nelson against plaintiff; and also proved the active interference of said Nelson and Elliott in directing and procuring the levy and seizure. The defendants justified under said writ of seizure, and the judgment on which it was issued, and offered both of them in evidence. The judgment was rendered on the 2d September, 1886, by W. H. Taylor, as recited on its face, "an acting justice of the peace for beat No. 9 of said county, adjoining beat No. 1 of said county, where this cause of action arose, A. M. Elliott, Esq., of said beat No. 1. being incompetent to try said cause by reason of relationship to the plaintiff." The execution, or writ of seizure, was issued by said Elliott, as above stated, on the 17th December, 1886; and it described the judgment by date, names of parties, &c., but did not state the name of the justice who rendered it.

The plaintiff objected to the admission of the writ as evidence, "because the judgment on which it was issued was rendered in beat No. 1, by one W. H. Taylor, a J. P. who resided in beat No. 9, when there was at the time a justice of the peace in said beat No. 1 who was competent to try said cause;" and he adduced evidence proving these facts.. "The defendants offered no evidence on this point, but admitted that, at the time said Taylor rendered said judgment, there was in said beat No. 1 a justice who was competent to try the cause." The court overruled the objection, and admitted the writ as evidence; and plaintiff excepted. The plaintiff also objected to the admission of the judgment as evidence, "on the ground that it was not the judgment rendered by said Taylor on the day the cause was tried." The evidence adduced on this point showed that Taylor announced his decision orally at the conclusion of the trial, and wrote out his judgment afterwards; but whether this was done on a later hour of the day, or on a subsequent day, was not clearly proved. The court overruled the objection to the judgment as evidence, and plaintiff excepted.

The rulings on evidence are assigned as error.

A. P. LONGSHORE, for appellant.

31

[Horton v. Elliott.]

CLOPTON, J.—The only assignment of error we deem it necessary to consider, goes to the admission in evidence of a judgment rendered by W. H. Taylor, as a justice of the peace, in favor of one of the defendants, against the plaintiff. The judgment, and writ of seizure issued thereon, were introduced by defendants in justification of the taking and carrying away the property, for which alleged trespass the action is brought by appellant. From the recitals of the judgment and the evidence it appears, that it was rendered in the precinct in which the cause of action arose, by Taylor, who was a justice of the peace in another, but adjoining precinct. The authority to render the judgment is based on the fact, that A. M. Elliott, who was a notary public having the jurisdiction of a justice, in the precinct in which the cause of action arose, was incompetent to try the case, by reason of relationship to the plaintiff therein. It further appears, and the court judicially knows, that there was a justice in the precinct other than Elliott, whose competency is admitted. The question is, whether a justice of an adjoining precinct had jurisdiction and power to hear and determine a case and render judgment in another precinct, when only one of two justices in such precinct is incompetent to try the case. The judgment having been rendered September 2, 1886, the question must be determined by the statutes as found in the Code of 1876.

Section 26 of article VI of the Constitution declares : "There shall be elected by the qualified electors of each precinct of the counties not exceeding two justices of the peace and one constable. Such justices shall have jurisdiction in all civil cases wherein the amount in controversy does not exceed one hundred dollars, except in cases of libel, slander, assault and battery, and ejectment." In pursuance of the Constitution, the statute also declares :  "Within the limits of every election precinct are two justices of the peace, elected as hereinbefore prescribed"—that is, by the qualified voters of the precinct. The original jurisdiction of certain civil actions conferred upon justices, within their respective counties, is, by the terms of the statute, to be exercised as provided by law. The time and place of its exercise, as thus prescribed, are : "Justices of the peace must designate certain days, at least once a month, and appoint a particular place within their precincts, for the trial of civil cases, but may, in cases of emergency, make their process returnable at any other time and place." And the statutes further provide, that no person can be sued out of the precinct of his permanent residence, or of that in which the debt was contracted, or cause of action arose, unless in cases otherwise provided.—Code 1876, §§ 754, 757, 3606-08, 3602.

[Horton v. Elliott.]

The civil jurisdiction of a justice did not exist by the common law; it originates in, and depends upon constitutional warrant, or statutory enactment. Under the Constitution and statutes, the exercise of the jurisdiction is co-extensive with the county. The effect of both is, to limit its exercise, in civil cases, to the precinct for which he is elected.—*Taylor v. Woods*, 52 Ala. 474. As he can not make his process returnable at any other place than that appointed within his precinct, except in cases of emergency, he can not, except in such cases, hear and determine causes beyond and outside of his precinct. Such has been the general law from the organization of the State.

If a justice dies, resigns, or removes, the remaining justice in the precinct is authorized to complete the unfinished business, in the same manner as if it had been commenced before him; and only in the event there is no remaining justice, is the justice of another precinct authorized to complete the unfinished business.—Code, § 3635. And the justice of an adjoining precinct is authorized to issue the summons, and try the cause, only when there is no justice in the precinct of the defendant's residence, or the justice is, from any cause, incompetent to sit upon the trial.—Code, § 3608. The statute does not confer authority to try the cause, because one justice, or a notary public having the jurisdiction of a justice, in the precinct of the defendant's residence, is incompetent to sit upon the trial, there being a competent justice; but when there is no justice, or, if there be one, he also is incompetent. The presence of a competent justice in the precinct excludes the authority and jurisdiction of the justice of the adjoining precinct. While the judgment recites that the notary public having the jurisdiction of a justice was incompetent, it fails to also recite that there was no justice in the precinct of defendant's residence. This will not be intended, the jurisdiction being statutory and limited.—*Boynton v. State*, 77 Ala. 29. The judgment is void for want of jurisdiction.

In what we have said, no reference is had to the jurisdiction of a justice, when sitting as an examining court on the preliminary investigation of a criminal charge.

Reversed and remanded.