# Goodwater Warehouse Co. *v.* Street.

*Action against Warehouseman.*

1. *Jurisdiction of circuit court to render judgment for failure to properly answer interrogatories; court of limited jurisdiction.* A circuit court, in the exercise of the jurisdiction conferred by statute, in enforcing the remedy for failure to answer interrogatories propounded, or in answering them evasively or not fully, (Code, §§ 1850-1858), is a court of limited jurisdiction.

2. *Court of limited jurisdiction; jurisdictional facts must affirmatively appear in record; sufficiency of judgment.*—While a court is in the exercise of special or limited jurisdiction, the existence of jurisdictional facts can not be inferred from the exercise of jurisdiction, but such facts must affirmatively appear from the record; and this requirement is not satisfied by the recital in the judgment entry from which the inference may be drawn, or on which an argument may be predicated, that the court ascertained the existence of the jurisdictional facts.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. A. H. ALSTON.

This was a suit in which the appellee, J. C. Street, the plaintiff in the court below, sought to recover damages from the defendants for the destruction, loss, damage and conversion of nine bales of cotton stored by the plaintiffs with the defendants, as warehousemen. Ser-

[Goodwater Warehouse Co. v. Street.]

vice was had upon both of the defendants, and they both appeared generally and by counsel, and after demurring to plaintiff's complaint filed pleas to each count thereof which set up, among other things, that at the time the plaintiff's cotton was lost or injured neither of the defendants had charge of or had any interest in the warehouse, but that the same had been rented out to other parties; and setting up other matters which naturally rested largely within the knowledge of the defendants alone. Thereupon the plaintiff filed interrogatories to the defendants under section 1850 of the Code of Alabama of 1896, which were duly and properly served upon them, and to these interrogatories the defendants filed what purported to be answers, but the same were not verified as required by section 1852, nor were they full answers to the interrogatories propounded, and were in many instances evasive. Thereupon, the plaintiff, under section 1856 of the Code of 1896, moved for a judgment by default against the defendants. The court, in response to this motion, rendered a judgment in favor of the plaintiff. This judgment was in words and figures as follows: "Plaintiff by permission of the court filed a motion praying the court to enter judgment by default, against both of the defendants, because of their failure to answer properly interrogatories propounded to the adverse party, under the statute as fully appears from said motion on file. And the court, after argument of counsel sustains said motion, and ordered, decreed and adjudged that judgment by default be given in favor of the plaintiff against the defendants for the amount of plaintiff's claims; thereupon the plaintiff asked for a writ of inquiry to ascertain his damages," etc. There then follows the recital in the judgment of the empannelling of the jury, before whom the evidence was introduced, the return of the verdict in favor of the plaintiff and a judgment in favor of the plaintiff upon said verdict. From this judgment the defendants appeal and assign the rendition thereof as error.

WHITSON & GRAHAM, for appellants.—The right of a party to a civil suit at law to propound interrogatories to the other or adverse party—to a discovery at law was

unknown to the common law, and exists only by statute,
and the power and jurisdiction of the court to render
a judgment by default against the party to whom such
interrogatories are filed, for failure to answer the same,
or when the answers are not full or are evasive, is purely
statutory.—Code, §§ 1850, 1856.

When a court exercises a special statutory and ex-
traordinary power, *it stands upon the same grounds,*
and is governed by the same *rules as courts of limited
and inferior jurisdiction.* The rule then is, that nothing
shall be intended to be within the jurisdiction but that
which is expressly so alleged," (italics ours).—*Wilmer-
ding v. Corbin Banking Co.,* 126 Ala. 278; *Haywood v.
Collins,* 60 Ill. 328; *Pullman Palace Car Co. v. Harrison,*
122 Ala. 157-8; *Gunn v. Howell,* 27 Ala. 663, 675; *State
v. Mobile & Girard R. R.,* 108 Ala. 31; *Whorton v. Mor-
agne,* 62 Ala. 204.

Nothing is presumed to be within the jurisdiction of
the court of limited jurisdiction but that which is so
expressly alleged and affirmatively appears from the rec-
ord.—*Commissioners' Court of Talladega v. Thompson,*
18 Ala. 694-697; *Robertson v. Bradford,* 70 Ala. 387;
*Pettus v. McClanahan,* 52 Ala. 55; *Wells, Admr. v.
American Mtg. Co.,* 123 Ala. 418; *Whorton v. Moragne,*
62 Ala. 202; *Horton v. Elliott,* 90 Ala. 480-483; also
authorities *supra.*

To uphold the judgment of a court of limited jurisdic-
tion in the exercise of special and statutory powers, its
records must affirmatively show the existence of the
facts upon which its authority depends, and the exist-
ence of such jurisdictional fact is not presumed.—*Joiner
v. Winston,* 68 Ala. 130; and authorities last cited *supra.*

KNOX, DIXON & BURR, *contra.*—Neither the motions of
the plaintiff nor the interrogatories propounded nor the
answers to the interrogatories are proper matters to be
incorporated in the record, but are such matters as could
only be brought to the attention of this court by reserv-
ing exceptions thereto and incorporating them with the
exceptions in a bill of exceptions. This has not been
done in this case, and such portions of the record should

not be considered by this court in determining this case.
3 Ency. Pl. & Pr. 392; 2 Ency. Pl. & Pr. 274; *Tuscaloosa
Wharf Co. v. Mayor and Aldermen of Tuscaloosa*, 38
Ala. 516. Motions of various kinds made during the
progress of the cause and the rulings of the court grant-
ing or denying them must, in order to be reviewed on
appeal, be taken up on a bill of exceptions.—Authorities
*supra; Wiggins v. Witherington*, 96 Ala. 535; *Warring
v. Gilbert & Bro.*, 25 Ala. 295; *Lienkauff v. Tuscaloosa
Sale Co.*, 99 Ala. 619.

The statute provides that when the party fails to an-
swer for 60 days after service, or his answers are not
full or are evasive, the court may either attach the party
or continue the cause or direct a judgment by default to
be entered, and it is discretionary with the court which
one of these courses it should pursue, and the exercise
of such discretion is not reviewable.—*Poole v. Harrison*,
18 Ala. 518; *Goodwin v. Harrison*, 6 Ala. 438; *M. & O.
R. R. Co. v. Seales*, 100 Ala. 376.

The motion of the appellee for a judgment by default,
the ruling of the court thereon, the interrogatories and
answers upon which the same were based, not being in-
corporated in a bill of exceptions and not being a proper
part of the record, the court has before it only the judg-
ment, which is clearly sufficient, even if the motion is not
a part of the record, for in that event the recitations as
to interrogatories will be rejected altogether and it will
be considered as a judgment by default with parties not
present to sustain their pleas.—*Elyton Land Co. v. Mor-
gan*, 88 Ala. 434; *Lehman v. Hudmon*, 85 Ala. 136; *Hud-
son v. Wood*, 102 Ala. 433; *Schwartz v. Oppenheimer*, 90
Ala. 462.

TYSON, J.—This appeal is prosecuted from a judg-
ment by default rendered against the defendants under
section 1856 of the Code. That section is a part of the
statutory system making provision for either party to a
civil suit at law, to have a discovery, as in courts of
equity, upon interrogatories propounded to the adverse
party, etc.—Code, §§ 1850, *et seq.* It reads as follows:
"If answer to the interrogatories are not filed within 60
days after the service of a copy of the interrogatories, o.

when the answers are not full, or are evasive, the court may either attach the party and cause him to answer fully in open court, or continue the cause until full answers are made, or direct a non-suit or judgment by default to be entered."

The right provided by these statutes and the remedy for the enforcement of their disobedience, as provided in the section quoted above, were unknown to the common law and in derogation thereof and would have no existence except for the statutes. And, notwithstanding the circuit court is a court of general jurisdiction, yet, when it undertakes the exercise of the jurisdiction conferred by these statues, it becomes *quo ad hoc* a court of inferior or limited jurisdiction.—*Gunn v. Howell*, 27 Ala. 663 ; *State v. M. & G. R. R. Co.*, 108 Ala. 29.

There is a clear distinction between the nature of the general jurisdiction and that of a special, limited jurisdiction conferred by statute upon the same court in respect of what the record must show in order to uphold the exercise of jurisdiction.

When the matter for determination is of such nature as invokes the exercise of the general jurisdiction of the court, the existence of the jurisdictional facts is inferred from the mere exercise of jurisdiction, unless the record discloses the contrary. On the other hand, where it is of such nature as the court exercises special, limited jurisdiction, the existence of jurisdictional facts is not inferred from the exercise of jurisdiction, but they must *affirmatively appear from the record.*—*Commissioners v. Thompson*, 18 Ala. 694 ; *Pettus v. McClannahan*, 52 Ala. 55 ; *Wharton v. Moragne*, 62 Ala. 202 ; *Robertson v. Bradford*, 70 Ala. 387 ; *Horton v. Elliott*, 90 Ala. 480 ; 483 ; *Pullman Palace Car Co. v. Harrison*, 122 Ala. 149, 158 ; *Wilmerding v. The Corbin Banking Co.*, 126 Ala. 268, 278. Nor is the requirement that the existence of jurisdictional facts must affirmatively appear from the record satisfied by a recital in the judgment entry from which an inference may be drawn or upon which an argument may be predicated, that the court ascertained the existence of those facts.—*Joiner v. Winston*, 68 Ala. 129 ; *McGravey v. Remson*, 19 Ala. 430 .

40c

Applying these principles to the judgment, which is the only part of the record in this case to which we are authorized to look, there can be little doubt that it wholly fails to show that the court ascertained the existence of the necessary jurisdictional facts to suppor' the judgment rendered.

An analogous class of cases to this, involving summary proceedings instituted in the circuit court, may be cited to sustain the correctness of this conclusion, and also as sustaining appellee's contention that the interrogatories, the service thereof, the answers thereto and the motion for the judgment are no part of the record of the c urt below, and, although copied in the record, can not be considered here.—*Connoly v. Ala. & T. R. R. Co.*, 29 Ala. 373; *Worswick v. Brooks*, 70 Ala. 412; *Chandler v. Reid*, 114 Ala. 390; *Chandler v. Francis Vandegrift Shoe Co.*, 94 Ala. 233. See also *Hodges v. Ashurst*, 2 Ala. 301; *Bessell v. Carvillo & Co.*, 7 Ala. 503; *Tuscaloosa, etc. Co. v. Mayor and Aldermen*, 38 Ala. 516. But if these matters had been made a part of the record in this court by bill of exceptions, we apprehend the result would be the same. They would still not be a matter of record of the court below. And, therefore, could not be looked to for the purpose of aiding the recitals of the judgment entry.

But it is insisted by appellee's counsel that if the judgment was erroneous in the particulars pointed out above, that it can and should be sustained as a general judgment by default. In support of this contention a line of cases is cited in which formal judgments by default or *nil dicit* were sustained by this court, although the record showed that the defendant had pleas on file, as here. An examination of those cases, however, shows that the judgments rendered were sustained upon the theory that the defendant had abandoned his pleas, there being recitals in the judgment entries showing default of appearance on his part, or his declination to say anything in bar or preclusion of the suit. The judgment entry in this case contains no such recital. There is not a line in it upon which can be predicated the conclusion that the judgment by default was rendered against the defendants on account of default in appearing or their

declination to offer evidence in support of their pleas. On the contrary, it is fairly deducible from its recitals that they were prevented from making their defense, by the enforcement of the summary remedy conferred by the statute.

Reversed and remanded.

HARALSON, J., not sitting.