# Southern Railway Co. *v.* Fitzpatrick.

### Killing Animal.

(Decided June 30, 1915,  Rehearing denied December 2, 1915.
70 South. 164.)

1. **Justice of the Peace; Jurisdiction; Venue.**—Under Local Acts, 1901, p. 1970, a justice of the peace in Morgan county, in precinct 19, had jurisdiction of a suit against a railroad for killing a cow at a place in the county where defendant had no railway and no agent, although it did have an agent in precinct No. 1.

2. **Same; Constitutionality.**—Local Acts 1901, p. 1970, giving justices of the peace in Morgan county certain jurisdiction is not constitutionally invalid.

(Mayfield and Thomas, JJ., dissent.)

[Southern Railway Co. v. Fitzpatrick.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Newton Fitzpatrick against the Southern Railway Company for damages for the death of a cow. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals, under section 6, Act April 18, 1911 (Acts 1911, p. 449). Affirmed.

The action was stated in four counts, and each declared for damages for killing a cow by running a train on, over, or against her. The complaint was filed in the justice of the peace court in the city of New Decatur. Defendant filed the following special plea: Comes the defendant in the above-styled cause, specially for the purpose of filing this plea, and says that this court has no jurisdiction to determine this cause for this: The defendant is a body corporate, organized under the laws of the state of Virginia, and it has no line of railway in New Decatur, Ala., nor has it any agent in said precinct, nor is it doing business by agent in said precinct, but that it is engaged in the railway business in the state of Alabama, and has an agent at Decatur, precinct No. 1, in said state and county, and that plaintiff's cause of action, if he has any, arose outside of precinct No. 19, and in precinct No. 1, and defendant makes oath that this plea is true. Wherefore defendant prays that this suit be dismissed.

WERT & LYNNE, for appellant. C. S. PRICE, and MARVIN HUTSON, for appellee.

PER CURIAM.— (1, 2) The majority are of the opinion that the trial court did not err in sustaining the plaintiff's demurrer to the defendant's special plea. The local act of 1901 (page 1970) authorized the trial of the cause in the precinct in which it was tried, and provided that this defendant could be sued in said precinct; and this local act has not been repealed by the Code. Nor are we impressed with the suggestion that said local act is unconstitutional.

The judgment of the law and equity court is affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

[Southern Railway Co. v. Fitzpatrick.]

MAYFIELD and THOMAS, JJ.— (Dissenting.)—The majority have overlooked the distinction between "jurisdiction" and "venue." The local statute did not purport to deal with the question of venue; that is, with the particular court or precinct in which actions should be brought. It purported to deal only with the jurisdiction and authority of justices of the peace and constables in the two precincts named. Its only purposed object was to extend the territorial jurisdiction of justices of the peace and constables of the two precinct named. It did not authorize or attempt to authorize a plaintiff to sue in a different precinct from that in which he could therefore sue, but, at most, to authorize him to sue before a justice or an officer before whom he could not theretofore sue, and to have an officer execute the process who could not theretofore execute it. It did not purport to take away from the citizens of Morgan county the right guaranteed to them by the Constitution and the statutes to be sued in a justice court in the precinct of their residence, or in the one in which the cause of action arose, etc. It only purported to authorize different officers to try their causes, when sued where the law provides they may be sued.

Statutes as to jurisdiction of necessity pertain and relate to the tribunal, court, or officer who is to exercise the jurisdiction conferred. These statutes, of course, as the one in question, may relate to territorial jurisdiction, as well as to that of the person or of the subject-matter. Venue statutes, however, do not relate to jurisdiction, territorial, personal, or of the subject-matter; they are intended to apply, and do merely apply, to direct in which one of the several tribunals, each and all of which have jurisdiction, the trial shall be had, or at which one of several places the trial shall be had, when one tribunal, court, or officer exercises the same jurisdiction at several places. If a tribunal, court, or officer has no jurisdiction or power to try a case at a given place, or at any place, then there can be no room or reason for a statute as to venue. The act or judgment in such a case is absolutely void, even on collateral attack, if the want of jurisdiction appears on the face of the proceeding. It is only when the tribunal, court, or officer has the jurisdiction or power to proceed or to act at several different places that a statute as to venue can have any excuse for existence. The venue statute, of course, presupposes that the tribunal, court, or officer has

jurisdiction or power to proceed or act at different places, and then the sole purpose and effect of the statute as to venue is to direct at which of these several places the jurisdiction in the particular case may be exercised.

Jurisdiction and venue are often confused, by using the word "jurisdiction" when "venue" is meant. This confusion of terms has been frequently pointed out by this and other courts. The terms were so confused by the pleaders in this case, and this probably confused or misled the trial court, as well as the majority of this court. The law or statute which makes the plea good in this case is section 4648 of the Code, which reads as follows: "Unless otherwise provided, no person can be sued out of the precinct of his residence, or of that in which the debt was created, or the cause of action arose; and if suit is brought contrary to the provisions of this section, it must, on motion, be dismissed by the justice."

The local statute, so far as territorial jurisdiction is concerned (omitting that part immaterial and irrelevant to the question at issue), reads as follows: " *   *   *   Justices of the peace *   *   *   in and for precincts numbers 1 and 19 in Morgan county, Alabama, shall have and may exercise jurisdiction in all civil cases   *   *   *   within the limits of said county of Morgan," etc.

The general statute as to jurisdiction of justices in civil cases is section 4641 of the Code, and that part pertinent to the question being considered reads as follows: "Justices of the peace have original jurisdiction within their respective counties, to be exercised as provided by law."

It will be observed that there is no material difference between the expressed meaning of the two statutes, it being merely verbal. The language in both cases conveys the same idea and confers the same jurisdiction, no more and no less. The position, mood, or tense of the verb "exercise," as used in the two statutes, surely makes no difference in the extent of the jurisdiction conferred. It is useless to confer jurisdiction if it cannot be exercised. If there could otherwise be any difference between the two as to the extent of the jurisdiction conferred or the mode of its exercise, that doubt is removed by this court's construction of the section of the Code, and that section's re-adoption with the construction placed upon it. In the case of

*Horton v. Elliott*, 90 Ala. 480, 8 South. 103, this court said, speaking of the territorial jurisdiction of justices of the peace and construing this section of the Code and the Constitution: "Under the Constitution and statutes, the exercise of the jurisdiction is not coextensive with the county."

Moreover, to say that the local statute conflicts with section 4641 of the Code is to say that it is repealed, because the Code has been twice adopted since the local statute was enacted with a provision reading as follows: "All local or special laws in conflict with this section [referring to section 4641] are hereby expressly repealed."

So, as to the question here involved—that is, the territorial jurisdiction of justices of the peace—section 4641 of the Code must control. A similar repealing clause occurs in section 6733 of the Code, which confers and limits the territorial jurisdiction of justices of the peace in criminal cases. It therefore appears that it was the clear intent of the Legislature to make these two sections of the Code the exclusive law as to the territorial jurisdiction of justices of the peace.

The local statute in question attempted to extend the jurisdiction of notaries, ex officio justices, for the two beats named, to the entire county of Morgan. This could not be done, for the reason that the Constitution limits the jurisdiction, and confines their powers to the respective beats for which they are appointed, and of course the Legislature could not extend it. See Constitution of 1901, § 168, and the corresponding provision of the Constitution of 1875, which was in force when the statute in question was enacted.

As to constables, the statute certainly never was efficacious, because constables in this state have always had authority to serve process in any precinct in the county. There never had been any constitutional or statutory limitation upon their authority, except as to the county. It therefore necessarily follows that the local statute is of no effect.

To demonstrate that the majoriy are wrong in this holding, we have only to apply the rule announced as to justice courts to circuit courts. Section 6110, which provides the venue of actions as to counties, corresponds strictly with section 4648, as to the precincts in which actions must be brought. Would this court hold that a local statute, extending the territorial juris-

[Roach v. Wright.]

diction of a circuit judge or judges, and the authority or power of a sheriff or sheriffs, has the effect to allow such circuit judge or judges, over the timely and appropriate objection of a defendant, to render judgment against such defendant in counties other than that of his residence or the county in which the cause of action arose, etc.? Would such a local statute as to the territorial jurisdiction of a particular circuit judge repeal or annul section 6110 of the Code? We think not. If not as to circuit judges, why as to justices of the peace? We think that there is no valid reason which can be assigned for a distinction between the two cases stated.

It therefore appears to us that the local statute in question has not the force or effect to allow a defendant to be sued outside of the precincts or places mentioned in section 4648 of the Code. It follows that the plea in question was good, and that the demurrer was improperly sustained thereto, with the result that the judgment appealed from should be reversed.