## SPRAGINS ET AL. *vs.* TAYLOR, ADM'R.

[PETITION TO VACATE AND SET ASIDE SALE OF DECEDENT'S LANDS, &C.]

1. *Decedent, sale of lands of; when order for not void.*—An executor's or administrator's sale of the lands of a decedent, under order of court, to pay debts, is not void, if it appears from the record of the proceedings on the application in the probate court for such order, that a proper application or petition made by such executor or administrator was filed in· the proper court, and that the parties interested had proper notice of the application before the order was granted.—Rev. Code, § 2222; 41 Ala. 26, 39.

2. *Same; jurisdiction of probate court to order sale; when attaches.*—The filing of the application or petition for the order of sale by the executor or administrator, containing the proper allegations, and descriptions of the land and parties, as required by the Code, gives the court jurisdiction to hear and determine the case by order or decree.

3. *Same; effect of irregularities after jurisdiction attached.*—And whatever irregularities may intervene after jurisdiction attaches by filing the application for sale, are but errors; and they do not render the judgment of the court *void for want of jurisdiction;* unless it is shown that there has been some neglect of a statutory requirement, which declares the proceeding *void on that ground.*—Rev. Code, § 2225.

4. *Same.*—The facts, that the petition or application is signed in the name of the petitioner "by his attorney;" that the petition or application is not verified on oath; that no guardian *ad litem* was appointed for the minors interested· in the estate to be sold before the hearing, or that the report of the sale was not verified by the oath of the petitioner, do not render the sale void or defeat the jurisdiction of the court. These are but irregularities or errors which do not render the judgment or order of the court a nullity.

APPEAL from the Probate Court of Madison.
Tried before Hon. L. M. DOUGLAS.

The opinion states the facts.

WALKER & BRICKELL, for appellants.
J. G. COCHRAN, *contra.*

PETERS, J.—On the *second* day of September, 1871, the appellee, Taylor, as the administrator *de bonis non*, with

the will annexed, of George W. Carmichael, deceased, filed his petition in the probate court of Madison county to vacate and set aside a sale of the lands of said deceased, as void, which had been made under authority of an order of the same court, granted to Daniel L. Carmichael, who was at the time executor of the last will and testament of said George W. Carmichael, deceased, and duly authorized, qualified and commissioned as such executor. The order thus assailed was granted in 1866. And it is assailed upon the ground that the court had no jurisdiction in 1866 to order said sale; and "the reasons" why said sale is alleged to be void are the following: 1. The petition asking said order "was not signed by said Daniel L. Carmichael, nor verified by his oath, as required by law." 2. "That the papers and records of this court," (probate court of Madison county) "pertaining to said estate, no where show that guardians, or guardians *ad litem*, were appointed to represent the minor heirs interested in said estate." 3. "That no depositions were taken as required by law, and, therefore, all orders and decrees for the sale of said land are void." 4. That the report of sale of that portion of said lands sold to Harrietta Aday "was never signed by Daniel L. Carmichael as executor, nor verified by his oath; and for the reasons above stated said sale is void."

Notice was issued to the parties interested in said sale of said lands, advising them of the contents and of the prayer of said petition of said appellee. There was a bill of exceptions taken at the hearing of this petition, and the court below set aside and vacated the sale of said land in conformity with the prayer of said petition. It appears from the bill of exceptions taken by appellants on the trial below, that there was a proper petition filed by said executor asking for the sale of said lands. In this petition is this recital, to-wit: Petitioner "shows that at his death the said George W. Carmichael owed debts to a large amount, and that petitioner has not assets in his hands sufficient to pay the same without a sale of the said lands; that the personal property left by said George W. is not sufficient

for that purpose; that the said last will and testament of said George W. confers no power upon petitioner to sell said lands for payment of debts, or for any other purpose. Wherefore, he prays this court to grant him an order to sell said lands for the purpose of paying said debts; that citation issue and publication be made as required by law," &c. This petition is signed as follows: "Daniel L. Carmichael, by his attorney, Richard B. Brickell." At the bottom of this petition is the following entry:

"The State of Alabama, } Before me, Robert D. Wilson, judge of the probate court
Madison county. } in and for said county, personally appeared Daniel L. Carmichael, who makes oath that the facts set forth in the foregoing petition are true.

"Sworn and subscribed, April 13, 1866.

"Judge P. C."

It appeared by said petition that a portion of the distributees of the estate of said deceased, who were interested in the sale of his lands, were minors. On the filing of said petition, a day was appointed to hear the same, and the parties interested in said estate entitled to contest the same were ordered to be notified as required by law. But it does not appear that any order appointing a guardian *ad litem* to defend the interests of the minors was then made, or that said minors had any general guardian. It also appears from the order appointing a day to hear said petition, that this further recital is made, to-wit: "Daniel L. Carmichael, executor of the last will and testament of said deceased, having this day filed *application in writing*, and *under oath*, praying for an order and proceedings to sell certain real estate, in said application described, of the property of said decedent for the purpose of paying the debts due from said estate, upon the ground that the personal property of the estate is insufficient for the purpose." It further appeared that the order granting authority to sell said lands, omitting the description of the lands, was as follows; that is to say:

"George W. Carmichael, dec'd. ｝ This day came on for Order to sell lands. ｝ hearing the application of Daniel L. Carmichael, executor of the will of said decedent, for an order to sell certain lands in said application described, for the purpose of paying debts due from said estate, and all parties in interest having been brought into court, by citation personally served and by publication in a newspaper, &c., in all respects strictly according to the order of this court, made and entered in the premises on the 13th day of April, 1866. Now comes the said executor, by his attorney, and moves the court that said application be granted; and it being proven to the satisfaction of the court, by the oaths of James Wells and Andrew J. Schrimsher, who are disinterested witnesses, and whose testimony has been taken by deposition and upon direct interrogatories, as in chancery cases, and which testimony has been filed of record in this proceeding, that the personal property is insufficient to pay the debts of said estate, and that it is necessary to sell the lands described, as follows:" * * "for the purpose of paying the debts due from said estate, according to the prayer of said application. It is therefore ordered, adjudged and decreed, that said application be granted, and the said executor is hereby ordered to sell the above described lands at public outcry, in manner and form as the law directs in such cases, after having first given notice for at least three successive weeks of the time and place and terms of the sale, together with a description of the property, in the Huntsville *Advocate*, a newspaper published in said county; said sale to be made for cash."

The land mentioned in the application was regularly sold under this order, and in conformity to the same, and the sales confirmed and deeds made to the purchasers. The court below granted the prayer of the petition, and vacated and set aside the sale.

It is evident from this statement of the material facts of this case, as shown by the record, that "the reasons" alleged in the petition for the relief asked are not sustained.

The record, as between the same parties or their privies, imports absolute verity, and they are estopped from denying the truth of its recitals.—*Deslonde et al. v. Darrington's Heirs,* 29 Ala. 92; *Weir v. Hoss,* 6 Ala. 881; *Swift v. Stebbins et al.,* 4 Stew. & Por. 447. Here the record shows that the executor of George W. Carmichael deceased, who sold the land in controversy, "filed his application in writing and under oath." It is true, that the petition or application found in the record is signed by the executor, "by his attorney." If the executor chose to adopt this mode of signing his name to the application, and it was received and treated as such both by the court and himself, as it was, this is sufficient. The statute does not forbid this, or prescribe a mode which would render it a nullity. It is only required that the application shall "be *made* by the executor, and verified *by oath*."—Rev. Code, §§ 2222, 2080, 2081. If, along with these particulars, it contains an accurate description of the lands sought to be sold, and gives the names of the heirs and devisees and their places of residence, and states, if any, and which of such heirs or devisees are under the age of twenty-one years, or married or of unsound mind, it is sufficient to *give the court jurisdiction.*—Rev. Code, § 2222, *et supra.* The record shows that all this was very carefully done. In the case of *Satcher v. Satcher's Adm'r,* this court declare, that "it is the settled doctrine in the decisions of this court, that the proceeding before the probate court, for the sale of the lands of a decedent, is *in rem ;* that the jurisdiction of the court attaches upon a petition setting forth a statutory ground of sale; and that the order of sale is not void, although the proceedings may abound in errors, if the petition contains the above stated jurisdictional allegation. This doctrine is beyond the pale of controversy in this court."— *Satcher v. Satcher's Adm'r,* 41 Ala. 26, 39; *King v. Kent,* 29 Ala. 542; *Field v. Goldsby,* 28 Ala. 218. The application of the executor in this case, as the order for the sale shows, fully complies with all the requisitions of the statute necessary to give the court jurisdiction. When this is

once done, then subsequent irregularities are errors merely, and can not be amended in this way, unless they are such irregularities as, by force of the statute, will render the decree void.   This is the doctrine most emphatically declared, not only in the cases above cited, but it is one that is approved by the highest court of the Union.—2 Howard, 319.   The filing of the application containing the proper allegations, clothes the court with authority to render some decree.   This authority is its jurisdiction.—6 Pet. 691, 706. Here jurisdiction must attach before the order appointing the guardian *ad litem* could be made; because it could not be made before the filing of the application for the sale. If made afterwards, as it must be, and may be, then it is an order subsequent to the jurisdiction; and a failure to make it is but an irregularity which is amendable, and does not vitiate the whole proceeding.   It does not make the application itself a nullity.   A reversal on this account would not destroy the suit, but only reverse for a new trial, after the appointment of a guardian *ad litem*.   This "reason" was insufficient to destroy the sale made by the executor, and deprive the court of jurisdiction.

The objection, that no depositions were taken as required by law to prove the allegations of the application, is not sustained by the recitals of the record.   The very reverse is recited in the order for the sale.   This recital is conclusive against the administrator *de bonis non,* if there was no fraud in making the decree and order for the sale, a thing not pretended.   This objection would be one of great difficulty under our present law, but it does not exist in this case.—Rev. Code, § 2225; 41 Ala. 26, 49.

The objections to the confirmation of the sales are mere errors, not available in this proceeding.   They occurred after jurisdiction had attached, and can not render the decree of the court a nullity.   This is necessary to defeat the sale.   The return or report of the sale should have been made on oath, but it is now too late to object to it; and it could have been amended in the court below.—Rev. Code, §§ 2091, 2072; see, also, *Duval's Heirs v. The P. & M.*

*Bank et al.*, 10 Ala. 636, 650; *Duval v. McLoskey*, 1 Ala. Rep. 708.

A careful examination of the case made in the bill of exceptions satisfies my mind that the learned judge in the court below mistook the law, or he failed to allow proper significance to the facts shown in the record of the proceedings on the application for the order for sale by the executor. For this, the judgment of the court below must be reversed. But as the petitioner, said Taylor, administrator as aforesaid, is entitled to amend his petition, if he can, and is so advised, the cause will be remanded with instructions to the court below, to permit the petitioner to amend his petition in conformity with the law as herein laid down, and if he fail to do so, that said petition be dismissed with costs.

The judgment of the court below is reversed, and cause remanded with instructions to proceed in conformity with the law, as declared in this opinion. The appellee will pay the costs of this appeal in this court and in the court below.