# Goodwin *v.* Sims.

*Statutory Action in nature of Ejectment.*

1. *Sale of decedent's lands under probate decree; jurisdiction of court, and irregularities in proceedings.*—It has been settled by repeated decisions of this court, that the jurisdiction of the Probate Court to order a sale of a decedent's lands is statutory and limited, and must affirmatively appear on the face of its record; that this jurisdiction attaches on the filing of a petition by a proper party, stating a statutory ground for a sale, and that when the jurisdiction has thus attached, subsequent errors or irregularities in the proceedings, which might be ground of reversal on error or appeal, do not affect the validity of the sale when collaterally assailed, as in ejectment by the heirs against the purchaser or a sub-purchaser.

2. *Same; notice to non-resident heir.*—Where the record shows that notice to a non-resident by publication was ordered, and the order of sale recites that publication was made as required, stating the facts, the recitals are conclusive in a collateral attack, unless negatived or falsified by the record itself.

3. *Same; mistake in date of orders.*—Where the order appointing a day for the hearing of the petition, and for notice to the defendant heirs, recites that the administrator "comes *this day* and presents his petition," &c.; but, as copied into the transcript, it is dated on the same day one year later (1878, instead of 1877), after the sale had been made; the record corrects itself, and it will be presumed, in favor of the order of sale, that the wrong date was inserted by mistake.

4. *Same; depositions showing necessity for sale.*—When infants are interested in the lands sought to be sold, the necessity for a sale, as alleged, must be shown by depositions taken as in chancery proceedings (Code, § 2114), and this must be shown by the record, either expressly or by fair implication; but, when the order of sale recites that the necessity for a sale appeared from the depositions of A. and B., "disinterested witnesses, taken upon interrogatories and submitted by the petitioner, which depositions are ordered to be filed of record," this is sufficient to support the order of sale when collaterally attacked, although the commission, as set out in the transcript of the proceedings, is dated on the same day with the order of sale, and the commissioner's

[Goodwin v. Sims.]

return states that the depositions were taken on the next day; the presumption being indulged, in favor of the decree, that the court acted on those depositions, and that the commissioner made a mistake in the date of his return.

5. *Conclusiveness of judicial opinions as rule of property.*—"It may be that some of the cases have carried to the utmost extent the interpretation and effect of jurisdictional recitals in the decrees of courts of statutory and limited jurisdiction; but such construction of the statute has been settled so long, and adhered to, with intervening re-enactments of the statute, that it should be regarded as having become a rule of property, and should not be disturbed."

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Henry T. Goodwin, against Robert Sims, to recover a tract of land particularly described in the complaint, or an undivided one-twelfth interest therein; and was commenced on the 17th February, 1888. The cause was tried on issue joined on the plea of not guilty, and the statute of limitations of ten years. The plaintiff was one of the twelve children of Thomas Goodwin, who died, intestate, in December, 1876, and to whom the land belonged at the time of his death. Letters of administration on the estate of said Goodwin were granted by the Probate Court of the county, in January, 1877, to Joseph Martin; and the lands were sold, on his petition, under an order of the Probate Court, on the 30th March, 1878, for equitable division among the heirs. Thomas Sims became the purchaser at the sale, and received a conveyance from the administrator; and he afterwards conveyed to the defendant, by deed dated December 27th, 1880. The defendant offered in evidence, in support of his title, a certified transcript of the proceedings in the Probate Court connected with the order of sale, and the court admitted it as evidence, against the objections and exceptions of the plaintiff. The first order, or minute-entry, as set out in the transcript, is dated in the caption, "Special term, Dec. 4, 1878;" recites the filing of the petition on that day, stating its averment and prayer, appoints the 15th January, 1878, for the hearing; orders notice to the resident adult heirs; appoints a guardian *ad litem* for the infant defendants, and directs notice by publication to Henry Goodwin, as a non-resident. The administrator's petition, as afterwards set out in the transcript, appears to have been subscribed and sworn to on the 4th December, 1877. The order of sale is dated January 15th, 1878; recites the former proceedings, the publication of notice to Henry Goodwin as required by the former order, the appearance·of the guardian *ad litem* for

the infant defendants, his denial of the allegations of the petition, and then proceeds: "And it appearing to the satisfaction of the court, from the allegations contained in said petition, and from the depositions of Thos. P. Ferguson and William Weems, disinterested witnesses, taken upon interrogatories and submitted by the petitioner, which depositions are ordered to be filed of record, that the lands mentioned in said petition," describing them, "can not be equitably divided among said heirs and distributees;" and directs a sale to be made on the 30th March, 1878. The depositions of said witnesses, as set out in the transcript, were taken on the 16th January, 1878, as certified by the commissioner, the commission being dated January 15th, the day on which the order of sale was made. The sale was reported to the court by the administrator, and was confirmed.

The case being submitted to the court without a jury, the court rendered judgment for the defendant; and its judgment is here assigned as error, with the admission of the transcript as evidence.

A. Y. HARPER, for the appellant.—To sustain a sale of lands under a probate decree, the record must affirmatively show a compliance with the statutory requisitions on which its jurisdiction depends. The transcript here offered and received in evidence is fatally defective, in the several particulars specified in the objections to its admission as evidence. The record imports absolute verity, and no attempt was made to impeach it by extrinsic evidence; it must be judged by itself, and its sufficiency determined by its own recitals. It shows that a sale was made on the 30th March, 1878, under an order which purports to have been made on the 15th January, 1878; and yet the order setting a day for the hearing, which recites that the petition is filed that day, is dated long afterwards—December 4th, 1878. It recites notice by publication against Henry Goodwin, as required by a previous order; and yet no previous order for such publication is shown. The order of sale purports to be founded on the depositions of Thos. P. Ferguson and Wm. Weems, but does not show that those depositions were then on file; and the depositions themselves show that they were taken on the next day, under a commission issued on the day the order was made. These inconsistencies are patent on the face of the record; and the most reasonable explanation of them is, that some of the orders were made, or some of the papers

were filed, after the sale, with the intention of curing exist-
ing defects in the record. The jurisdiction of the court to
order the sale is not shown by the transcript, and the plain-
tiff can not be deprived of his property under it as due pro-
cess of law.—*Whitlow v. Echols*, 78 Ala. 208; *Landford v.
Dunklin*, 71 Ala. 60; *Gilchrist v. Shackleford*, 72 Ala. 4;
*Comm'rs v. Hearn*, 59 Ala. 371; *Molett v. Keenan*, 21 Ala.
488; *Wyatt v. Rambo*, 29 Ala. 510; *Windsor v. McVeigh*,
91 U. S.

HEWITT, WALKER & PORTER, *contra*, cited *Wright v.
Ware*, 50 Ala. 560; *Massey v. Smith*, 73 Ala. 173; *Hamner
v. Mason*, 24 Ala. 480; *Pettus v. McClanahan*, 52 Ala. 55;
*Reynolds v. Kirkland*, 44 Ala. 312.

CLOPTON, J.—The admission that Thomas Goodwin
was seized and possessed of the land sued for at the time of
his death, and that plaintiff, who is appellant, is one of his
twelve heirs, shows *prima facie* a title, which entitled the
plaintiff to recover an undivided one-twelfth interest, unless
his title has been divested in some legal mode. In order to
show that it had been divested, the defendant introduced in
evidence, against the objection of plaintiff, a transcript of
the proceedings in the Probate Court, under which the land
was sold and conveyed to defendant by the administrator of
the deceased. The question arises on the validity of the
order of sale, which is impeached, on the ground that the
record does not affirmatively show the jurisdictional facts.

That the jurisdiction of the Probate Court, to order the
sale of the lands of a decedent, is statutory and limited, and
that it must appear from the record, has been placed, by the
repeated decisions of this court, beyond the pale of discus-
sion. No intendments will be made in favor of the jurisdic-
tion from its mere exercise. But it is also well settled, that
the jurisdiction attaches when a petition is filed by a proper
party, setting forth any of the statutory grounds for a sale;
and that jurisdiction having once attached, any intervening
errors or irregularities in the proceedings will not avail to
avoid the sale when collaterally impeached. It has accord-
ingly been held, that though the failure to issue citation to
the resident heirs, or to make publication to the non-resi-
dents, will be sufficient to reverse the proceedings on appeal,
such failure does not affect the validity of the order of sale
on a collateral attack.—*Field v. Goldsby*, 28 Ala. 218. But

no intendment of notice need be indulged in the present case. The record recites that the plaintiff, being a non-resident, was notified of the application for the sale, and of the day set for hearing the same, by publication in a newspaper published in the county. This recital is conclusive, when not negatived or falsified by the record itself.

It is further objected, that no day was appointed for the hearing of the application before the decree of sale was made. There appears of record a preliminary order, setting a day for the hearing of the petition, and for the issue of citations to the resident heirs, and that the plaintiff, being a non-resident, be notified by publication. It is objected, however, that this order, as appears from the record, was made December 4th, 1878, nearly twelve months after the decree of sale. The petition was verified December 4th, 1877. The order recites that, "on this day, comes Joseph Martin, administrator of Thomas Goodwin, deceased, and presents to the court his petition in writing, and under oath, praying for an order to sell the lands;" and appoints and sets January 15, 1878, as the day for hearing the petition. Though an error, which may have occurred in a duly certified transcript of judicial proceedings, can not be corrected or amended by parol evidence; yet, when an inspection of the entire record discovers the nature and extent of the error, it corrects itself; and the court will regard it as corrected, when the validity of the proceedings is collaterally impeached.—*King v. Martin*, 67 Ala. 177. As the preliminary order recites that the petition was presented on the same day on which the order was made, and sets January 15, 1878, for the hearing of the petition, which was several months prior to the date of the order, as shown by the record; and as the record discloses that the petition was verified on the same day of the same month of the preceding year, it is manifest that a mistake occurred in the date of the preliminary order. The record corrects itself; otherwise it would present the absurdity of an order setting a day for the hearing of an application several months anterior to its rendition.

It is further objected, that the record does not show affirmatively that evidence was taken as in chancery proceedings, establishing the necessity for a sale. The statute declares, that no order for the sale of land belonging to any estate, for the payment of debts, or for division, must be made, when there are minors interested in such estate, unless the Probate Court has taken evidence by deposition as in chancery pro-

ceedings, showing the necessity for such sale; and that any order of sale, made without a compliance with these statutory requisitions, shall be wholly void.—Code, 1886, § 2114. The decree of sale recites: "And it appearing to the satis- faction of the court, from the allegations contained in the said petition, and from the depositions of Thomas O. Fergu- son and William Weems, disinterested witnesses, taken upon interrogatories, and submitted by the petitioner, which depo- sitions are ordered to be filed of record," that the lands can not be equitably divided among the heirs, and that a sale is necessary. It appears from the record, that on the same day on which the order of sale was made, January 15, 1878, a commission was issued to W. W. Moore, to take the answers of the same witnesses named in the decree of sale, to interrogatories and cross-interrogatories attached to the commission, and the commissioner certified that the wit- nesses were examined January 16, 1878. It is contended, that the date of this commission, and the certificate of the commissioner, show that the evidence on which the court acted had not been taken at the time the decree of sale was made as in chancery proceedings.

Prior to the enactment of section 2114, the failure of the record to show that the evidence was taken by deposition as in chancery cases, was regarded an irregularity, which did not affect the validity of the proceedings on collateral attack; and would be so regarded now, if adults only are interested in the estate. But, since its enactment, the proceedings are held void, if minors are interested, unless the record shows, expressly or by fair implication, that the evidence was taken by deposition as in chancery proceedings.

Under the statute it has been held, that the duty devolved on the Probate Court to determine whether the evidence has been so taken, and if the record discloses that the court adjudged that it was so taken, the adjudication, however erroneous, is final and conclusive, and will support the decree of sale, except on error or appeal.—*Bland v. Bowie*, 53 Ala. 152. In *Massey v. Smith*, 73 Ala. 174, it is said: "By its decree, the Court of Probate ascertained and declared the depositions were taken as in chancery cases, and that the facts were proved, the incapability of the lands of a fair and equitable division among the heirs. The decree was final and conclusive upon those matters, when collaterally assailed, and could not be impeached by a reference to the depositions upon which the court proceeded." In that case it seems

[Goodwin v. Sims.]

that the court adjudged that the depositions were taken as in chancery cases, and it was sought to impeach the finding by reference to the depositions of record, in order to show that, on account of errors and irregularities, they were not so taken, and did not prove the facts which authorized the court to render a decree of sale. In *Bland v. Bowie, supra,* the decree found that the depositions were taken as in chancery cases, but was silent as to what was proved by them. The decree declared that they were filed of record in the proceedings. It was held, that such reference to the depositions made them a part of the record; that the decree should be read as if they were incorporated in it by an express recital of their contents; and that the depositions must be looked to, in determining whether the necessity of sale was proved. This was in support of the validity of the decree, as to a matter in respect to which it was silent. The rule deducible from these decisions, that when the court, by the recitals of the decree, ascertains the jurisdictional fact, such adjudication is final and conclusive, when the decree is collaterally assailed; and, if the decree is silent, the jurisdictional fact may appear from other parts of the record.

As the entire record imports absolute verity, the recitals of the decree may be explained, limited or qualified, by other parts of the record. The entire record may be looked to, for the purpose of ascertaining the jurisdictional facts, when there is no finding by the court; for jurisdiction is acquired from the facts as they appear in the entire record; but, when the power to ascertain the jurisdictional fact is conferred on the court, and the court adjudges that it has jurisdiction, it is not overcome or destroyed, because other parts of the record may not be sufficient to uphold such finding.—*Bannon v. People*, 1 Bradwell, 496. It must affirmatively appear that such finding can not be true. The decree of sale positively declares that the depositions of the witnesses were taken upon interrogatories, and were submitted by the petitioner, and ordered to be filed of record. These recitals bring the decree within the rules declared in *Wright v. Ware*, 50 Ala. 549; in which case, the depositions were taken under a commission, issued to persons appointed commissioners by a previous order of the court. The decree of sale recited, that the commissioner, theretofore appointed to take the testimony, had returned the same to the court, and that it was opened, read and ordered of file among the papers in the cause. It was held, that it was not essential

that the decree should declare, in express terms, that the depositions were taken as in chancery cases; that the requirements of the statute are satisfied, if its recitals, fairly interpreted, lead to such conclusions, and that it appeared from the record that the depositions were taken as in chancery cases. It is said: "There are but two modes of taking depositions known to our law—one in proceedings at common law, and one in proceedings in chancery. The recitals in the record are as consistent with the hypothesis that the depositions were taken as in chancery proceedings, as that they were taken as in proceedings at common law. This being true, we must adopt that hypothesis which will support and preserve, not that which will invalidate the proceedings." On the principle settled in the case last cited, the recitals in the decree of sale, fairly construed, lead to the conclusion, that the depositions on which the court acted were taken as in chancery proceedings.

It is unnecessary to decide, what would be the effect, if other parts of the record contradicted or disproved the findings of the court as recited in the decree; or whether such findings are conclusive, when the record itself shows that the evidence of jurisdiction, on which the court acted, is insufficient to establish the jurisdictional fact. Evidence outside of the record, whether verbal or written, can not be received to impugn the recitals of the decree. Therefore, whether the depositions and the certificates of the commissioner, appearing in the transcript introduced in evidence, can be looked to for this purpose, depends on the question, whether they properly constitute a part of this record; and this fact depends on the question, whether they are the depositions referred to in the decree, and ordered to be recorded. If they are, they sustain the recitals of the decree; if they are not, they can not be looked to for the purpose of disproving its recitals; for, if they were not taken until after the rendition of the decree, as the commissioner's certificate imports, and there were no other depositions before the court at the time the decree was made, its recitals are absolutely false. If they are the only depositions taken in the case, on the principle that the record imports absolute verity, it is more consistent and reasonable to indulge the presumption that the commissioner committed an error in his certificate as to the date of the examination of the witnesses. It may be, that some of the cases referred to have carried to the utmost extent the interpretation and

[Sharp v. Hall.]

effect of jurisdictional recitals in the decrees of courts of statutory and limited jurisdiction; but such construction of the statute has been settled so long, and adhered to, with intervening re-enactments of the statute, that it should be regarded as having become a rule of property, and should not be disturbed. Extending to the recitals of the decree of sale the presumptions which these decisions extend to judicial proceedings when collaterally assailed, we are forced to hold that they satisfy the requirements of the statute, that the evidence must be taken by depositions as in chancery proceedings, the entire record not negativing or falsifying them. The transcript was properly admitted in evidence, and, in connection with the conveyance made by the administrator to the defendant, under an order of the Probate Court, proves that the plaintiff had been divested of his title.

Affirmed.