(89 South. 51)

**MILLER et al. v. THOMPSON.** (7 Div. 110.)

(Supreme Court of Alabama. May 12, 1921.)

1. **Quieting title** &lt;&#8658;12(6)—**Remainderman may maintain action.**

A remainderman whose right to possession is supported until the termination of the outstanding life estate may maintain a bill, although out of possession, to remove a cloud and quiet title.

2. **Quieting title** &lt;&#8658;34(5)—**Complaint held not bad as showing defendant widow had conveyed or abandoned homestead rights.**

In action by nephew against childless widow of deceased uncle, who left a homestead less in area than that allowed as exempt, bill averring that there was vested in the widow a life estate, and that complainant was entitled to the property on death of the widow, who attempted to convey the same in fee simple, *held* not inconsistent, in that it disclosed that widow had conveyed the homestead by warranty deed to the other respondents to the bill, and that by such alienation to third persons she had abandoned and lost homestead rights, although it did not specifically aver that the value at the time of his death did not exceed in amount that allowed, there being no specific demurrer to such point, and an allotment of the homestead not appearing to be condition precedent to the vesting of a life estate in the widow under the circumstances.

3. **Quieting title** &lt;&#8658;30(2)—**Person claiming interest in land held proper parties defendant.**

In action by a nephew to quiet title as to his right as remainderman to land left by deceased uncle, who was survived by childless widow, who had attempted to convey the homestead in fee simple, the widow and other defendants alleged to have claimed some interest in the land under the deeds and to have joined in the execution of a warranty deed with the widow purporting to convey a fee-simple title to other defendants *held* proper parties defendant.

Appeal from Circuit Court, Etowah County; O. A. Steel, Judge.

Bill by John Henry Thompson against R. L. Miller, and others, to quiet and remove cloud from title of complainant. From a decree granting relief, respondents appeal. Affirmed.

See, also, 204 Ala. 502, 85 South. 689.

Bill by appellee against appellants, to remove cloud and quiet title. From the decree overruling the demurrer to the bill, respondents prosecute this appeal.

The bill as amended in substance alleges that complainant is a nephew of one James Miller, who died in June, 1899, a resident of Etowah county, occupying at the time of his death 126 acres of land as a homestead, upon which he resided with his wife, respondent Millie Miller. The land is particularly described. It is also shown that he owned a lot in the city of Gadsden, but in no manner connected with the homestead; that said James Miller died intestate, and left no children, but left his widow, Millie Miller, and brothers, sisters, nieces, and nephews, as sole heirs at law—naming them. It is further averred that Millie Miller, the widow, became the owner of the life estate in the lands described, and the heirs of said James Miller became the owners of the fee of said lands subject to the life estate of said Millie Miller—they being remaindermen as to said land; and that complainant is now the sole owner of the remainder in fee, subject to the life estate of Millie Miller, by his inheritance from the said James Miller and by conveyance from all the other heirs, and that his title is in remainder and his right to possession postponed until the death of said widow; that on November 21, 1910, Millie Miller, La Fayette Green, and Maggie Green executed a warranty deed to said land to respondents R. L. Miller and Louis Loveman, purporting to convey a fee-simple title to said land (a copy of which deed is attached as an exhibit to the bill); and that on January 24, 1911, Millie Miller executed a warranty deed to the said R. L. Miller and Louis Loveman purporting to convey a fee-simple title to said land—said deed being for the purpose of correcting a slight mistake in the description named in the deed of 1910; that respondents R. L. Miller and La Fayette Green, Maggie Green and Louis Loveman, are claiming title in fee simple to said land, except the lot in Gadsden, under said deed, but which title is

---

subordinate to complainant's title as remainderman, and these parties are made respondents. The prayer of the bill seeks to have the title of respondents decreed to terminate on the death of Millie Miller.

Goodhue & Brindley, of Gadsden, for appellants.

If the averments of the bill are true, complainant has complete and adequate remedy at law. 202 Ala. 128, 79 South. 594. Millie Miller had parted with her interest in the land and was not a proper party respondent, neither was La Fayette nor Maggie Green a proper party respondent.

Motley & Motley, of Gadsden, for appellee.

It was competent for the remainderman to protect his interest by filing the bill under the facts alleged and proven. 90 Ala. 446, 8 South. 65; 180 Ala. 425, 61 South. 96; 190 Ala. 423, 67 South. 289. There were no improper parties respondent. 76 Ala. 143; 64 Ala. 210; 9 C. J. 1228.

GARDNER, J. A branch of this litigation concerning the property here in controversy has previously been before this court (Thompson v. Miller, 204 Ala. 592, 85 South. 689), but we do not consider that the question there determined has any important bearing upon this appeal.

[1] This bill is by a remainderman to remove cloud and quiet the title to the lands therein described. His right to possession or any action for the recovery thereof is postponed until the termination of the outstanding life estate, and that he may maintain a bill, although out of possession, for a removal of the cloud upon his title as such remainderman is well established by all the authorities in this jurisdiction. Dallas Comp. Co. v. Smith, 190 Ala. 423, 67 South. 289; Winter v. Powell, 180 Ala. 425, 61 South. 96; Lansden v. Bone, 90 Ala. 446, 8 South. 65.

[2] The bill alleges that the respondent Millie Miller, as the widow of James Miller, deceased, was vested with a life estate in and to this homestead, and there is no objection to the bill upon the ground that the averment is but a conclusion of the pleader. The argument seems to be, however, that the language of the bill is inconsistent, in that it discloses that respondent Millie Miller has conveyed this homestead by warranty deed to the other respondents to the bill, and that by such alienation to third persons she has abandoned and lost her homestead rights—citing Chavers v. Mayo, 202 Ala. 128, 79 South.

594. In that case, however, the lands involved consisted of a tract of 240 acres, much in excess in area allowed as exempt, and no selection or allotment of any homestead to the widow or minor children, and the court, under these circumstances, considered applicable the rule stated in Gilbert v. Pinkston, 167 Ala. 490, 52 South. 442, 140 Am. St. Rep. 89, and the other authorities therein cited in regard to the effect of an alienation upon such homestead right. In the instant case a different situation is presented. The decedent left a homestead, less in area than that allowed as exempt; and while the bill does not specifically aver that the value at the time of his death did not exceed in amount that allowed, yet there was no specific demurrer taking this point, and in view of the averment above referred to, that there was vested in the widow a life estate, it should be so accepted that such homestead was left or was subject to exemption to the widow for life, there being no children. Under these circumstances we are of the opinion an allotment of the homestead does not appear to have been a condition precedent to the vesting of a life estate in the widow, as distinguished from a mere right of occupancy considered in the Chavers Case.

What was said in the recent case of Johns v. Cannon, 199 Ala. 138, 74 South. 42, supports the conclusion here reached, although the precise question here determined was not there considered; but the underlying principle, in view of the changed statutory provision, is there discussed. Likewise, in support of this conclusion we note Tartt v. Negus, 127 Ala. 301, 28 South. 713, and O'Rear v. Jackson, 124 Ala. 298, 26 South. 944.

[3] There is some insistence that Millie Miller, La Fayette Green, and Maggie Green are not proper parties respondent. The two latter respondents are alleged to have claimed some interest in the land under the deeds, and they are likewise shown to have joined in the execution of a warranty deed with Millie Miller purporting to convey a fee-simple title to the other respondents in the cause. They were at least proper parties, and the demurrer raising this point was properly overruled. 32 Cyc. 1348; Broughton v. Mitchell, 64 Ala. 210; 7 Mayf. Dig. 671.

We are of the opinion that the bill was not subject to any assignment of demurrer interposed, and that the decree of the court below should be affirmed.

Affirmed.

All the Justices concur.