(96 South. 481)

## MILLER et al. v. THOMPSON et al. (7 Div. 363.)

(Supreme Court of Alabama. April 5, 1923. Rehearing Denied May 17, 1923.)

**1. Equity ⚖️325—Proof of fact averred by bill and answer unnecessary.**

It is not necessary to prove a fact averred by both the bill and answer.

**2. Equity ⚖️118—Defendants in suit to cancel conveyances not adversely affected by amended bill exhibiting conveyance of plaintiff's entire interest to cocomplainant.**

In view of Code 1907, § 3212, permitting a decree for any one or more complainants while denying relief to others, no interest of defendants, in an action to set aside conveyances in fee by a widow having only a life estate in the lands conveyed, was adversely affected by an amended bill exhibiting a conveyance of plaintiff's entire interest, as assignee of the interests of all the heirs of such widow's deceased husband, who died seized of the land, to a cocomplainant, complainant being a proper party.

**3. Judgment ⚖️518—"Direct attack" and "collateral attack" distinguished.**

Any proceeding provided by law for avoiding or correcting a judgment is a "direct attack," which will be successful on showing error; but an attempt to do the same thing in any other proceeding is a "collateral attack," which will be successful only on showing want of power.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collateral Attack; Direct Attack.]

**4. Homestead ⚖️150(1)—Jurisdiction to allot homestead attaches only when petition contains necessary allegations.**

The probate court, in setting apart and allotting a homestead, exercises a special and limited jurisdiction, which must appear on the face of its record and attaches only when a petition is filed containing the necessary allegations.

**5. Courts ⚖️33—Judgment ⚖️501—Record must show jurisdiction of inferior court; proceedings not invalidated by irregularities after jurisdiction has attached.**

Silence of the record of a court of inferior or limited jurisdiction on a jurisdictional point is fatal; but, if the record shows that jurisdiction has attached, subsequent irregularities will not render the proceedings void.

**6. Judgment ⚖️498—Jurisdictional facts shown by record to have been ascertained cannot be collaterally impeached.**

Jurisdictional facts shown by the record of a court of limited jurisdiction to have been ascertained cannot be collaterally impeached, but their ascertainment cannot be inferred from the mere exercise of jurisdiction.

**7. Judgment ⚖️497(1)—Recitals of record of court of limited jurisdiction are prima facie evidence of collateral facts.**

Recitals in the record of a court of limited jurisdiction are prima facie evidence, at least, of collateral facts.

**8. Homestead ⚖️150(1) — Appointment of three commissioners to set aside homestead in unadministered estate held mere irregularity not affecting decree.**

In proceedings under Code 1907, § 4224, to set off and allot a homestead to the widow of an intestate whose estate was never administered, error in appointing three commissioners, as provided by section 4209 where the appraisers required by section 2582 of the chapter on administration of estates fail to appraise the homestead, instead of two, as provided by section 4224, *held* a mere irregularity not affecting the decree rendered.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9. Homestead ⬦≈150(1)—Necessary allegations of petition to allot homestead to childless widow of intestate whose estate has not been administered stated.

In proceedings under Code 1907, § 4224, to set aside and allot a homestead to the childless widow of an intestate whose estate has never been administered, the petition must allege that deceased's realty at the time of his death did not 'exceed in amount and value the exemptions allowed the widow, that more than 60 days have elapsed since his death, that no administration has been granted, and that he resided in the county when he died.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill of John Henry Thompson and another against R. L. Miller and others. Decree for complainants, and respondents appeal. Affirmed.

Goodhue & Goodhue, of Gadsden, for appellants.

The exhibits to the bill show that Millie Miller acquired title in fee simple, and demurrers to the bill should have been sustained. Miller v. First Nat. Bank, 194. Ala. 481, 69 South. 916; Singo v. McGhee, 160 Ala. 251, 49 South. 290; Goodwin v. Sims, 86 Ala. 102. 5 South. 587, 11 Am. St. Rep. 21; Hynes v. Underwood, 191 Ala. 90, 67 South. 994; Miles v. Lee, 180 Ala. 439, 61 South. 915; Douglas v. Bishop, 201 Ala. 226, 77 South. 752; Headen v. Headen, 171 Ala. 521, 54 South. 646. 22 C. J. 818. Jurisdiction of the probate court will be sustained even though the petition fails to aver no administration, if shown by facts. Authorities, supra. Both complainants must recover or neither. Lovelace v. Hutchinson, 106 Ala. 417, 17 South. 623.

Motley & Motley, of Gadsden, for appellees.

The mere exercise of jurisdiction by courts of inferior or limited jurisdiction does not raise the presumption of the existence of requisite jurisdictional facts; the jurisdictional facts must appear of record. 15 C. J. 832; Chamblee v. Cole, 128 Ala. 649, 30 South. 630; Martin v. Martin, 173 Ala. 106, 55 South. 632. The rule as to misjoinder of complainants, which refuses relief to any, unless all are entitled to relief, does not apply to a bill filed by the assignor and assignee jointly. Thompson is a proper party. 21 C. J. 200; Broughton v. Mitchell, 64 Ala. 210. The attack on the probate decree in this case is direct, and not collateral. Knight v. Garden, 196 Ala. 516, 71 South. 715; Singo v. McGhee, 160 Ala. 245, 49 South. 290; Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 South. 541. In a case of this character, the petition failing to contain the requisite jurisdictional facts, the proceedings are coram non judice and void. Robertson v. Bradford, 70 Ala. 385; Wilburn v. McCalley, 63 Ala. 436; Neville v. Kenney, 125 Ala. 149, 28 South. 452, 82 Am. St. Rep. 230.

SAYRE, J. [1, 2] A partial statement of the contents of the bill in this cause may be found in the report of a former appeal. Miller v. Thompson, 205 Ala. 671, 89 South. 51. But, in view of two contentions stated in the brief for appellants, it may be well to state further that the bill and answer alike aver, in substance, that James Miller died seized and possessed of the land in controversy—meaning, as we think, that he was in possession with title—and it was hence not necessary to adduce proof of the fact. Further, the amendment by which Cora Motley came into the cause as a party complainant with original complainant Thompson avers that Thompson, having acquired the interests of all the heirs of James Miller, deceased, in the land, executed a conveyance of a one-half interest to his cocomplainant Cora Motley. But the conveyance exhibited and proved is so phrased as, in facie, to give color to the contention that complainant Thompson parted with his entire interest. Vandegrift v. Shortridge, 181 Ala. 276, 61 South. 897. Upon this it is contended that, since both complainants are not entitled to relief, neither separately can have a decree, citing Lovelace v. Hutchinson, 106 Ala. 417, 17 South. 623. But that law has been changed so that now relief may be decreed in favor of any one or more complainants, and denying relief to any one or more. Code 1907, § 3212. Conceding, without deciding, the effect of the conveyance from Thompson to Cora Motley to be as contended, no interest of defendants is adversely affected by the frame of the bill in this particular, and at least Thompson is a proper party. Miller v. Thompson, supra; Broughton v. Mitchell, 64 Ala. 210.

The real question in this cause arises out of the contention as to the operation and effect of proceedings, and a decree had in the probate court, in the matter of the petition of the widow of James Miller, in which she sought to have the land in controversy set aside to her as homestead. The amended bill sets forth the title of both complainants and defendants. It exhibits in detail the proceedings and decree purporting to set off and allot to Millie Miller, the widow of James Miller, deceased, as her homestead under the laws of this state, the land in controversy, and avers that afterwards she executed the conveyance under and by virtue of which defendants claim to own the fee. Complainants claim that the proceedings and decree are void and of none effect; that the widow's deed conveyed only her life estate, assigning to it only such effect as it would have had in the absence of any proceeding to set apart home-

stead; that the title in remainder is in them as the heirs and grantees of the heirs of the deceased owner—and file their bill to clear up doubts and disputes concerning their said title. Defendants by their answer deraign title through conveyance from the widow—to this extent confessing the bill—contending however that the widow's conveyance vested the entire fee in them, thereby asserting the validity of the proceedings in the probate court and denying complainants' title in remainder.

[3] Whether the attack upon the record and decree of the probate court is direct or collateral is a question discussed in the briefs. We incline to the view that the attack is collateral, for "any proceeding provided by law for the purpose of avoiding or correcting a judgment is a direct attack, which will be successful upon showing error; while an attempt to do the same thing in any other proceeding is a collateral attack, which will be successful only upon showing a want of power." Van Fleet on Collateral Attack, § 3, where a suit to quiet title is enumerated as one of a number of familiar instances of collateral attack.

[4, 5] It is the settled law of this state that the court of probate when it proceeds to set apart and allot homestead exercises a special and limited jurisdiction, which only attaches when a petition is filed containing the necessary allegations. Cotton v. Holloway, 96 Ala. 544, 12 South. 172. Its jurisdiction must appear upon the face of its record, and nothing is intended to be within its jurisdiction but that which is so expressly alleged. Commissioners v. Thompson, 18 Ala. 694; Field v. Goldsby, 28 Ala. 225, 65 Am. Dec. 341; Brooks v. Johns, 119 Ala. 417, 24 South. 345; Chamblee v. Cole, 128 Ala. 649, 30 South. 630; Goodwin v. Smith, 86 Ala. 102, 5 South. 587, 11 Am. St. Rep. 21. The general rule is that if the court is of inferior or limited jurisdiction, silence of the record on a jurisdictional point is fatal; but, if the record shows jurisdiction has once attached, subsequent irregularities will not render the proceedings void. Satcher v. Satcher, 41 Ala. 26, 91 Am. Dec. 498; Pettus v. McClannahan, 52 Ala. 59.

[6, 7] The petition, which set on foot the proceedings in the court of probate and gave that court what jurisdiction it had, has been lost, nor is any record of its contents available. But defendants point to the recitals of the order appointing commissioners to set apart homestead and the decree confirming their report as proof enough of the jurisdictional facts. It has never been denied that, if a court of limited jurisdiction is charged with the ascertainment of jurisdictional facts, and its record and proceedings show such facts were ascertained, they cannot be collaterally impeached; but the ascertainment of such facts cannot be inferred from the mere exercise of jurisdiction. Wyatt v. Rambo, 29

Ala. 510, 68 Am. Dec. 89; Pettus v. McClannahan, supra. As to collateral facts such recitals are prima facie evidence at least. Ex parte Griffith (Ala. Sup.) 95 South. 551.[1] But in the proceeding under consideration jurisdiction was conferred, if at all, by the averments of the petition, not by proof of facts alone, and neither the order nor decree referred to contain any recital showing what was averred in the petition. Cloud v. Barton, 14 Ala. 347; Wilburn v. McCalley, 63 Ala. 436; Robertson v. Bradford, 70 Ala. 385.

[8, 9] The proceedings and decree of the probate court were had under section 4224 of the Code. This results from the fact, agreed upon between the parties though it does not appear on the record now before the court, that there was never any administration of the estate of James Miller, deceased. It must be that the records of the probate court prove the fact beyond peradventure, and, in view of the agreement, we assume the fact to be that there was never any administration on the estate. Section 4209 of the Code, to which reference is made in the briefs as furnishing a possible alternative, provides a proceeding by which homestead may be set off and allotted in case letters of administration have been granted, and the appraisers for more than 20 days after the grant of administration have failed to appraise the homestead and make report in reference thereto, as the language of that section and the provisions of the preceding sections of the same article of the Code prescribe, the appraisers there referred to being the appraisers required by section 2582 of the chapter on the administration of estates. In that case, upon application of the widow or the guardian of minor children, commissioners are appointed to perform the office. But where no administration is granted, the probate court, upon application after 60 days have elapsed since the death of the decedent must appoint commissioners who proceed as appraisers would. Section 4224. True, in the case here, the court appointed three commissioners, the number provided by section 4209, instead of two as provided by section 4224; but, for the reason pointed out, the proceeding was under 4224, and the error in respect of the number of commissioners was an irregularity which did not affect the decree rendered at the end of the proceeding. Field v. Goldsby and Robertson v. Bradford, supra. To the proceeding attempted by authority of this last-named section the considerations heretofore referred to as established by the authorities apply with full vigor. It was necessary that the petition allege that the real property owned by the deceased at the time of his death did not exceed in amount and area the exemptions allowed to the widow (there being no children); that more than 60 days had elapsed since the death of deceased, and no ad-

---

[1] Ante, p. 158.

ministration had been granted; and that deceased resided in the county at the time of his death. This last requirement as to the contents of the petition is made to appear, at second hand, but sufficiently, by a recital of the order of the court appointing commissioners. But the others in no wise appear, though, for the reason that the proceeding sought to cut off the heirs of deceased, such allegations are considered necessary to give the court jurisdiction.

The trial court gave effect to these considerations when it rendered a decree in favor of the complainants who claim as heirs and grantees of heirs of James Miller, deceased, confirming in them the title in remainder after the falling in of the widow's life estate.

The decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.